STATE OF NEBRASKA, APPELLEE, v. JAMES E. SHERROD, APPELLANT.
425 N.W.2d 616

Filed July 8, 1988.   No. 87-438.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The defendant was convicted by a jury of first degree sexual assault and, after having been found to be a habitual criminal under the provisions of Neb. Rev. Stat. § 29-2221 (Reissue 1985), was sentenced to a term of imprisonment of 35 years. On appeal to this court, the defendant assigns as error: (1) The trial court allowed evidence of a prior sexual assault by the

defendant; (2) the trial court gave an erroneous instruction; and (3) the trial court found two prior felony convictions of the defendant on insufficient evidence.

In May of 1986, the 17-year-old female victim, the prosecutrix, was waiting for a friend in a parking lot in Omaha when she met the defendant, age 34. The two visited and exchanged telephone numbers. From that time on, defendant would call the prosecutrix at least three times a day. He told her he was 27 years old. On June 7, 1986, while the victim was walking in her neighborhood, the defendant drove up and told her he wanted to talk to her. The prosecutrix got in the defendant's car, and, after stops at a liquor store, at the home of the defendant's brother, at his sister's apartment, and then at a McDonald's, the defendant drove to Hummel Park, where he sexually assaulted the victim, according to her testimony. She said she attempted to fight back, but he threatened to beat her and said that he had a gun under the seat and that "he hadn't had a woman in a long time" because he had been in the penitentiary.

The State also called as a witness another alleged victim of the defendant's sexual proclivities, a 16-year-old female. According to her testimony, the defendant had met her in March of 1986 as she was leaving a grocery store. A few days later, as she was walking home, the defendant again approached her in his car, and this time the alleged victim gave defendant her telephone number. After this the defendant telephoned her four to five times a day. Finally, on March 14, 1986, she agreed to meet the defendant when she got off the bus after school. She got in his car. The defendant drove to a liquor store and then to Carter Lake. She then insisted that she had to go home. Instead, the defendant drove her to Hummel Park, and, although she attempted to resist him, after telling her he had a gun in the glove compartment, he raped her. Afterward, the defendant told her that "he did it because he hadn't been with a woman in a long time."

The defendant offered evidence which contradicted the testimony of the prosecutrix in this case and also offered alibi testimony. However, with or without the testimony of the alleged victim witness, the testimony of the prosecutrix was

sufficient, if believed, to have found defendant guilty of the offense beyond a reasonable doubt. The jury obviously believed her testimony.

However, it is the testimony of the alleged victim witness which the defendant claims was erroneously admitted. He cites Neb. Rev. Stat. § 27-404 (Reissue 1985), which provides in part:

> (2) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The instructions given by the court at the close of all of the evidence included instruction No. 12, which read:

> Evidence was received in this case relative to an alleged similar act allegedly committed by defendant in connection with an event in which the witness, [the 16-year-old] was involved. Such evidence was received only and for the limited purpose of showing plan, motive, preparation and identity of the accused. You must not, therefore, consider such evidence for any other purpose.

The contention of the defendant as to the admissibility of the prior sexual act is adequately addressed by our opinion in *State v. Baker*, 218 Neb. 207, 352 N.W.2d 894 (1984). In that case, in a prosecution for attempted sexual assault, the testimony of three other intended female victims as to prior acts in which the defendant had attempted to pick them up, which testimony related to defendant's method of operation, the nickname he used, and the identity of his automobile, was admitted into evidence. We affirmed the action of the trial court, citing with approval the following language from *State v. Plymate*, 216 Neb. 722, 345 N.W.2d 327 (1984):

> " '[S]exual crimes have consistently been classified as those in which evidence of other similar sexual conduct has been recognized as having independent relevancy, and courts generally hold that evidence of other sex offenses by the defendant may be admissible, whether the other offense involves the complaining witness or third

parties.' "

*Baker, supra* at 212, 352 N.W.2d at 897. We went on to say: "In *Plymate* we approved the reception of a description of an interview wherein the defendant admitted some 300 or more sexual assaults on children and described in detail the seduction of the children." *Id.*

If a distinctive pattern or procedure similar to the charged crime is found in the separate crime or crimes, the separate act or acts may have probative value in determining the guilt of the defendant. *State v. Craig*, 219 Neb. 70, 361 N.W.2d 206 (1985).

The prior act or acts or subsequent activity need not be identical to the act charged in order to be admissible. It is sufficient that the evidence be of similar involvement reasonably related to the charged conduct and be presented in a manner in which prejudice does not outweigh its probative value. *State v. Ellis*, 208 Neb. 379, 303 N.W.2d 741 (1981). Such was the case here.

The defendant claims error in giving instruction No. 12 because identity and motive were not placed in issue at trial. However, a plea of not guilty challenges all elements of the crime.

> "It is elementary that a plea of not guilty places in issue every relevant fact to prove the State's case, and until and unless the trial court, in the exercise of its discretion, determines that further evidence on a point is irrelevant, the State is entitled to attempt to prove its case."

*Ellis, supra* at 391, 303 N.W.2d at 749. The identity of the perpetrator is clearly an issue that the State must prove. Also, although it need not be proved, motive is strong circumstantial evidence against a defendant.

As to plan, defendant argues that evidence of a prior act must be signaturelike. This is not necessarily true. As stated in *Ellis, supra* at 391, 303 N.W.2d at 749: "This court does not require that the prior or subsequent activity be identical to the act charged to be admissible."

To be evidence of preparation, the jury need only find that the prior assault was simply a "trial run" in preparation for later similar attacks, not necessarily pointed to this victim.

Furthermore, contrary to defendant's argument, instruction

No. 12 did not require the jury to find that the prior act must establish each and every one of the four elements. Perhaps a more correct instruction would have been to the effect that the evidence could be used to establish any issue at trial other than the defendant's criminal propensities. Even with the more limited instruction, however, the jury found the defendant guilty. The defendant has not shown how he was prejudiced by the instruction.

Finally, we consider whether the evidence of the two prior convictions was sufficient to establish defendant's status as a habitual criminal. In order for the defendant to be so categorized, it is necessary for the State to prove that such defendant has been twice before convicted of a felony, sentenced, and committed to prison. § 29-2221. Duly authenticated copies of the former judgments and commitments shall be competent and prima facie evidence of such former judgments and commitments. Neb. Rev. Stat. § 29-2222 (Reissue 1985).

Introduced in evidence at the enhancement proceedings were two exhibits, each entitled "Judgment and Sentence," in two different cases in the district court for Douglas County, both duly authenticated, which recited in substance that defendant was present in court with named counsel, that he was informed by the court of the verdicts of the juries finding him guilty of forcible rape in the one instance and first degree sexual assault in the other, and that he was sentenced to terms of imprisonment in the Nebraska Penal and Correctional Complex.

Although defendant did not object to the reception into evidence of the two prior judgments and sentences, he did argue that the two exhibits should show that defendant was represented at the time of the prior *convictions*, not at the time of sentencing. Defendant did not claim or demonstrate that his convictions were uncounseled.

It is true that in *State v. Ziemba*, 216 Neb. 612, 619, 346 N.W.2d 208, 214 (1984), we stated:

> The transcript of a judgment used to prove a prior conviction must show that at the time of the conviction the defendant was represented by counsel or waived his right

to counsel. . . . A transcript of judgment which does not contain such an affirmative showing is not admissible and cannot be used to prove a prior conviction.

We have also said that the burden of proof in this regard remains with the State. As stated in *State v. Smith*, 213 Neb. 446, 449, 329 N.W.2d 564, 566 (1983), regarding absence of counsel:

However, under the present circumstances, the burden remains with the State to prove the prior convictions. This cannot be done by proving a judgment which would have been invalid to support a sentence of imprisonment in the first instance. *Baldasar v. Illinois, supra.* Where a record is silent as to a defendant's opportunity for counsel, we may not presume that such rights were respected. *Burgett v. Texas, supra; State v. Tweedy, supra.*

However, the record here is not silent. It indicates that on each prior occasion, defendant was present with counsel, was informed of the prior verdict of guilt, and then stated that he had no reason to state why sentence should not be imposed. The question with which we are presented is whether, under these circumstances and on this record, we can presume that counsel was present at the time of conviction.

We have no problem indulging in this presumption and do so hold that the State establishes a prima facie case for proving a prior, counseled conviction by producing appropriate record evidence of a conviction which discloses that at a critical point in the proceedings—arraignment, trial, conviction, or sentencing—the defendant had either intelligently and voluntarily waived counsel or in fact was represented by counsel at one of those times. The defendant then has the burden of coming forward with evidence that in fact his prior conviction was uncounseled. *State v. Goff*, 418 N.W.2d 169 (Minn. 1988); *State v. Thompson*, 309 N.C. 421, 307 S.E.2d 156 (1983).

The judgment is affirmed.

AFFIRMED.