STATE OF NEBRASKA, APPELLEE, V. DAVID M. DYKE, APPELLANT.
437 N.W.2d 164

Filed March 24, 1989. No. 88-531.

Emily R. Scherr for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

David M. Dyke appeals from a conviction in the county court for Douglas County for driving while intoxicated, third offense. We affirm.

Appellant was charged with driving while intoxicated, third offense. After he entered a plea of no contest, an enhancement hearing was held to determine the validity of his two prior convictions for driving while intoxicated. The two prior convictions were marked and offered by the State as exhibits 1 and 2. Appellant did not object to exhibit 2, but did object to exhibit 1, a 1984 conviction in the Omaha Municipal Court, on the grounds that the record of the conviction did not affirmatively show that appellant was represented by counsel or that he had waived his right to counsel. The county court found that the prior convictions were valid and enhanced the appellant's conviction. Appellant was sentenced in accordance

with the statutory penalties for driving while intoxicated, third offense. On appeal, the district court for Douglas County affirmed the county court's findings.

Appellant claims the district court erred in affirming the appellant's conviction for driving while intoxicated, third offense, and affirming the penalties imposed.

The thrust of appellant's appeal centers on the validity, for enhancement purposes, of exhibit 1, the 1984 Omaha Municipal Court conviction. An examination of this exhibit shows that on July 27, 1983, appellant appeared at an arraignment hearing which was continued to August 5. At that time, the appellant was advised of his right to counsel, and he waived that right. On August 5, the arraignment hearing was held. The appellant was again advised of his right to counsel, and the judge noted on the docket sheet that the appellant "will have an [attorney]." The appellant entered a plea of not guilty, and a trial date was set. Trial was held on January 3, 1984, and the appellant was found guilty. A notation made by the judge on the docket sheet states that the appellant appeared pro se.

It is this docket sheet and notation on which the appellant bases his contention that this prior conviction was invalid for purposes of enhancement. Specifically, he argues that the docket sheet evidencing the trial proceedings does not affirmatively indicate that the defendant was represented by counsel or waived his right to counsel at the time of conviction. In support, appellant cites *State v. Fraser*, 222 Neb. 862, 387 N.W.2d 695 (1986), and *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984), for the proposition that a record of a prior conviction is inadmissible for enhancement purposes unless *at the time of the conviction* the defendant was represented by counsel or waived his or her right to counsel. Without addressing the applicability of these cases, we note that appellant's proposition is correct. See *State v. Sherrod*, 229 Neb. 128, 425 N.W.2d 616 (1988). However, appellant's narrow interpretation of that proposition would require the court, in addition to advising the defendant of his or her right to counsel at prior critical stages of the proceeding, to also advise the defendant of his or her right to counsel at the time of conviction.

This court has held that " '[o]nce a defendant has been informed of his right to retained or appointed counsel, there is no requirement that the court advise the defendant, on each subsequent court appearance, of the same right.' " *State v. Kennedy*, 224 Neb. 164, 170, 396 N.W.2d 722, 726 (1986). Further,

> the State establishes a prima facie case for proving a prior, counseled conviction by producing appropriate record evidence of a conviction which discloses that at a critical point in the proceedings—arraignment, trial, conviction, or sentencing—the defendant had either intelligently and voluntarily waived counsel or in fact was represented by counsel at one of those times. The defendant then has the burden of coming forward with evidence that in fact his prior conviction was uncounseled.

*State v. Sherrod, supra* at 134, 425 N.W.2d at 621. Exhibit 1 clearly shows that the appellant was informed of his right to counsel twice at arraignment hearings and waived that right. Under the facts, the municipal court was not obligated to advise the appellant of his right to counsel at the proceeding where he was convicted.

In the case at bar, the State met its burden to prove prior convictions, *State v. Sherrod, supra*, and the burden shifted to the appellant to produce evidence that in fact his prior conviction was uncounseled. The appellant has not produced any evidence showing that his waiver was anything other than intelligent and voluntary, nor does he challenge the validity of the prior conviction on that ground. The 1984 Omaha Municipal Court conviction was valid for enhancement purposes.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.