STATE OF NEBRASKA, APPELLEE, V.
GREGORY G. HALL, APPELLANT.
679 N.W.2d 760

Filed May 28, 2004. No. S-03-590.

Gregory A. Pivovar for appellant.

Jon Bruning, Attorney General, and James D. Smith for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Appellant, Gregory G. Hall, pleaded guilty to delivery of a controlled substance, a Class III felony. See Neb. Rev. Stat. § 28-416 (Cum. Supp. 2002). After an evidentiary hearing, the district court concluded that Hall was a habitual criminal and sentenced him to 10 years' imprisonment. Hall appealed. Pursuant to Neb. Rev. Stat. § 24-1106(2) (Reissue 1995), we granted the State's petition to bypass. We affirm in part, and in part vacate the sentence and remand the cause with directions.

## FACTUAL BACKGROUND

On September 27, 2002, Hall was charged in Sarpy County District Court with four substantive counts: one count of possession of a controlled substance with intent to deliver, one count of possession of a controlled substance, and two counts of delivery of a controlled substance. Hall was also charged as a habitual criminal. The district court explained Hall's rights to him in a group arraignment. After the court had completed the general rights advisory, Hall was individually advised of the penalties associated with the counts for which he had been charged. With respect to the habitual criminal charge, the court advised Hall as follows:

> I'll advise you that also there is a charge of being a habitual criminal and the elements of enhancement will be, as follows: (1) That you have been at least twice previously been [sic] convicted of crimes; (2) That you were sentenced and committed for each crime to prison in this state for a term of not less than one year; and (3) That if you are to become convicted of the charge under Counts I, II, III, or IV, or any lesser charge that is a felony, then the penalty phase is enhanced and the punishment is not less than 10 years nor more than 60 years imprisonment.

The State and Hall subsequently entered into a plea agreement wherein Hall agreed to plead guilty to one count of delivery of a controlled substance, a Class III felony. In return, the State agreed to dismiss the remaining substantive counts against Hall, but did not agree to dismiss the habitual criminal charge. On January 6, 2003, Hall pleaded guilty pursuant to this agreement.

At an evidentiary hearing on the habitual criminal charge, the State introduced evidence of prior convictions from Platte County and Douglas County, Nebraska, and Bernalillo County, New Mexico. The district court found Hall to be a habitual criminal and sentenced him to 10 years' imprisonment. Hall appeals.

## ASSIGNMENTS OF ERROR

Hall claims that the district court erred in finding that (1) his plea was knowingly, voluntarily, and intelligently entered and (2) he was a habitual criminal.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Smith*, 266 Neb. 707, 668 N.W.2d 482 (2003). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *Id.*

## ANALYSIS

*Acceptance of Plea: Habitual Criminal Advisement.*

In his first assignment of error, Hall claims that the district court's advisement failed to advise him that a conviction in another state could be used to prove that he was a habitual criminal and that thus, his guilty plea was not freely, intelligently, and voluntarily entered. We reject this argument.

This court has adopted the U.S. Supreme Court's due process requirements for a validly entered guilty plea delineated in *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). Under *Boykin*, a guilty plea must be knowingly and voluntarily entered because the plea involves the waiver of certain constitutional rights. *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002).

We have held that to support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant,

(4) the right to a jury trial, and (5) the privilege against self-incrimination. *State v. Smith, supra.* The record must also establish a factual basis for the plea and that the defendant knew the range of penalties for the crime charged. *Id.* In connection with a habitual criminal advisement, we have specifically stated that "a court must inform a defendant of the possibility of an increased sentence imposed because of a habitual criminal statute." *State v. Schneider,* 263 Neb. at 324, 640 N.W.2d at 13.

Hall does not argue that the general rights advisory given by the district court was in error. Rather, he argues that the district court's habitual criminal advisement was in error to the effect that the relevant priors consisted of crimes for which he had been "sentenced and committed . . . to prison *in this state* for a term of not less than one year." (Emphasis supplied.) Hall generally claims that this advisement failed to parallel the language of the habitual criminal statute, which applies to persons "twice convicted of a crime, sentenced, and committed to prison, in this or any other state or by the United States," see Neb. Rev. Stat. § 29-2221(1) (Reissue 1995), and specifically failed to alert him to the fact that a prior conviction from another state could be used for purposes of enhancement under the habitual criminal statute. Hall contends that because of these failures, he was not informed as to the total penal consequences of his plea and that, therefore, his plea cannot be said to have been freely, voluntarily, and intelligently entered.

 This court has held that "under Nebraska law, a defendant must be informed of those consequences which affect the range of possible sentences or periods of incarceration for each charge and the amount of any fine to be imposed as a part of the sentence." *State v. Schneider,* 263 Neb. at 324, 640 N.W.2d at 13. As noted above, a critical feature of a habitual criminal advisement is that a defendant be informed of the possibility that an increased sentence will be imposed if the defendant is found to be a habitual criminal under the habitual criminal statute. *Id.* Although the advisement in this case did not state that convictions in other states could serve as prior convictions, the advisement did inform Hall of the range of penal consequences and was not inadequate.

In this case, Hall was advised by the district court, in relevant part, as follows: "For a violation of a Class III Felony the maximum punishment is 20 years imprisonment, a $25,000 fine, or both, [and] carries a minimum of one year imprisonment." Hall was also advised that

> there is a charge of being a habitual criminal and the elements of enhancement will be [in part] as follows: . . . (3) That if you are to become convicted of the charge under Counts I, II, III, or IV, or any lesser charge that is a felony, then the penalty phase [due to a habitual criminal finding] is enhanced and the punishment is not less than 10 years nor more than 60 years imprisonment.

These advisements alerted Hall to the range of possible sentences and periods of incarceration for the charge to which he pleaded guilty, as well as the amount of any fine that might be assessed against him. The district court's advisement regarding the habitual criminal charge informed Hall that if he was convicted of any of the charges against him, upon proof of two prior convictions, his penalty could be enhanced and that he could be sentenced to 10 to 60 years' imprisonment. We further observe that the information alleged that Hall was a habitual criminal based upon convictions "in this or some other state."

Although it is preferable that a habitual criminal advisement refer to specific in-state, out-of-state, and United States convictions as the relevant prior convictions under § 29-2221, in this case, Hall was adequately advised and the due process requirements were met. The district court did not abuse its discretion in accepting Hall's plea. Hall's first assignment of error is without merit.

*Habitual Criminal: Representation by Counsel.*
In his second assignment of error, Hall claims that the district court erred in finding that he was a habitual criminal. The district court found that a Platte County, Nebraska, conviction and a New Mexico conviction were eligible to serve as prior convictions under § 29-2221. Regarding the New Mexico conviction, the district court stated that "the judge in the [New Mexico] case entered a judgment of conviction on the date of the sentencing." Hall argues that his New Mexico conviction was not valid for

enhancement under § 29-2221, because the State failed to show that Hall was represented by counsel at the time of his conviction in the New Mexico case. We conclude there is merit to Hall's claim.

Hall concedes that the State met its burden with respect to the Platte County conviction and that this conviction is valid for enhancement purposes. The issue now before us is whether the record demonstrates that the New Mexico conviction is valid for enhancement purposes. In support of his contention that the New Mexico conviction cannot be used for habitual criminal enhancement, Hall relies on this court's decision in *State v. Thomas*, 262 Neb. 985, 1012, 637 N.W.2d 632, 658 (2002), where we stated:

> In a proceeding for an enhanced penalty, the State has the burden to show that the records of a defendant's prior felony convictions, based on pleas of guilty, affirmatively demonstrate that the defendant was represented by counsel or that the defendant, having been informed of the right to counsel, voluntarily, intelligently, and knowingly waived that right. *State v. Nelson*, [262 Neb.] 896, 636 N.W.2d 620 (2001); *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996).
>
> . . . .
>
> The record does not show that the trial court ascertained whether [L.T.] Thomas was represented by counsel or · waived his right to counsel at the time of the earlier convictions. The journal entries simply show that Thomas was present with counsel at the time of sentencing, but they do not demonstrate whether he was represented by counsel prior to that time. The evidence offered by the State at the enhancement hearing did not establish that Thomas was represented by counsel or had waived the right to counsel at the time of the prior convictions. We conclude that the evidence was insufficient to prove Thomas' earlier convictions for purposes of sentence enhancement.

Hall notes that, as in *Thomas*, the evidence offered by the State in this case did not establish that he was represented by or had waived counsel at the time of his New Mexico conviction. Hall notes that the evidence merely established that Hall was present with counsel at the time of sentencing. Furthermore, contrary to the district court's observations, Hall was not convicted

and sentenced on the same day, but, rather, was convicted by a jury on July 16, 1981, and thereafter sentenced on September 8. Given these facts, Hall argues that the record fails to show that he was represented by counsel at the time of the New Mexico conviction and that such conviction cannot be used for sentence enhancement purposes.

In opposing Hall's arguments, the State contends that *State v. Sherrod*, 229 Neb. 128, 425 N.W.2d 616 (1988), applies. *Sherrod* states in relevant part that

> the State establishes a prima facie case for proving a prior, counseled conviction by producing appropriate record evidence of a conviction which discloses that at a critical point in the proceedings—arraignment, trial, conviction, or sentencing—the defendant had either intelligently and voluntarily waived counsel or in fact was represented by counsel at one of those times. The defendant then has the burden of coming forward with evidence that in fact his prior conviction was uncounseled.

229 Neb. at 134, 425 N.W.2d at 621. See, *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991) (enhancement for third-offense driving while intoxicated); *State v. Dyke*, 231 Neb. 621, 437 N.W.2d 164 (1989) (enhancement for third-offense driving while intoxicated).

The State claims that it presented evidence that showed that Hall was represented by counsel at the time of his New Mexico sentencing, which is sufficient under *Sherrod*, and that as a result, Hall had the burden of coming forward with evidence to show that he had been uncounseled. Since Hall failed to present any evidence to that end, the State argues its burden had been met and that the New Mexico conviction was valid for enhancement.

■ This court recognizes that there is tension between our decisions in *Sherrod* and *Thomas*. However, we conclude that *Sherrod* is an incomplete statement of the law and that *Thomas*, which is our latest pronouncement, controls the issue of whether under the habitual criminal statute, § 29-2221, the State can establish its burden of showing a prior, counseled conviction by merely showing that the defendant was represented at the time of sentencing. Under *Thomas*, which we reaffirm, a showing of the presence of counsel at sentencing will not alone establish the

State's case that a defendant's prior conviction was counseled for purposes of § 29-2221.

We note that in *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002), we stated that when the State seeks to use prior convictions based on pleas of guilty to enhance a defendant's sentence for habitual criminal purposes, the State has the burden of showing that the defendant had been represented by or had waived counsel. In the instant case, we note that Hall's prior New Mexico conviction was based upon a jury verdict of guilty rather than on a guilty plea. This court has stated that "making a plea of guilty is 'the equivalent of a conviction by trial and verdict or a finding of guilt by the court.'" *State v. Ondrak*, 212 Neb. 840, 842, 326 N.W.2d 188, 190 (1982) (quoting *Stewart v. Ress*, 164 Neb. 876, 83 N.W.2d 901 (1957)). As a result, we conclude that the State's burden of establishing prior, counseled convictions is the same whether a defendant's prior conviction is based on a plea of guilty, a jury verdict of guilty, or a finding of guilt by a trial court.

Given that *Thomas* is the prevailing authority, we apply *Thomas* to the facts of this case when considering whether the State has met its burden. The State in this case introduced into evidence an order entitled "Judgment, Sentence and Commitment" which reflected that Hall was sentenced in New Mexico on September 8, 1981, following his conviction on July 16. The judgment, sentence, and commitment order states that Hall appeared at the sentencing hearing with counsel. However, the record does not contain any evidence to affirmatively show that Hall had been represented by counsel or had waived counsel at the time of the jury's guilty verdict on July 16.

The facts in Hall's case mirror those of *Thomas*, where the State introduced evidence that Thomas had been represented by counsel at his sentencing on an earlier conviction, but the record contained no evidence showing that Thomas had been represented by counsel or had waived counsel prior to sentencing. In *Thomas*, we concluded that the evidence was insufficient to prove the earlier convictions were counseled for the purposes of habitual criminal sentence enhancement.

In this case, the State failed to meet its burden of showing that Hall had been represented by or had waived counsel at the time of

his New Mexico conviction and it was error for the district court to find Hall to be a habitual criminal. As a result, we must vacate Hall's sentence and remand the cause to the district court with directions for a new enhancement hearing and for resentencing following the hearing. In doing so, we observe that no presentence investigation was performed prior to the district court's initial sentencing of Hall, and in fact, Hall notes in his appellate brief that the district court imposed sentence upon him without the benefit of such an investigation. We note that the applicable version of Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2002) stated that "[u]nless it is impractical to do so, when an offender has been convicted of a felony, the court shall not impose sentence without first ordering a presentence investigation . . . ." Upon remand, unless the district court determines that it is impractical to do so, the district court shall order a presentence investigation prior to Hall's resentencing.

## CONCLUSION

We conclude that the district court did not err in accepting Hall's plea. However, with respect to enhancement, the State did not meet its burden of showing that Hall was represented by counsel at the time of his prior New Mexico conviction, and the district court's finding that Hall was a habitual criminal was error. We therefore vacate Hall's sentence and remand the cause with directions for a new enhancement hearing and for resentencing.

AFFIRMED IN PART, AND IN PART SENTENCE VACATED AND CAUSE REMANDED WITH DIRECTIONS.