IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SCHMIDT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TYLER U. SCHMIDT, APPELLANT.

Filed April 4, 2017.    No. A-16-475.

Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Shawn Elliott for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Tyler U. Schmidt pled no contest to driving under the influence, aggravated, third offense. Schmidt appeals his conviction and sentence in the district court for Lancaster County, alleging that the court erred in finding a prior conviction to be valid for enhancement purposes and in imposing an excessive sentence. Finding no merit to Schmidt's assigned errors, we affirm.

## BACKGROUND

As a result of his arrest on December 23, 2014, Schmidt was charged with driving under the influence of alcoholic liquor or drug (DUI), aggravated, third offense, a Class IIIA felony, and driving during revocation, a Class IV felony. As a result of a plea agreement, Schmidt pled no contest to the aggravated DUI charge and the revocation charge was dismissed.

At the enhancement hearing, the State presented certified copies of two prior DUI convictions of Schmidt in the county court for Lancaster County. Exhibit 1 established a prior

- 1 -

conviction for DUI that occurred in 2011, and Schmidt did not take issue with this conviction for enhancement purposes. With regard to exhibit 2, a 2006 DUI conviction, defense counsel did not object to its admissibility but asserted that it was not a constitutionally valid prior conviction for purposes of enhancement. Specifically, counsel argued that while there was a waiver of counsel by Schmidt at the time of the entry of the plea in that case, the record did not reflect waiver of counsel at the time of the sentencing hearing. The district court found both exhibit 1 and exhibit 2 to be valid and proper copies of prior convictions to support enhancement of the DUI to a Class IIIA felony. The court subsequently sentenced Schmidt to 2 to 4 years' imprisonment; imposed a fine of $1,000; and revoked his license for 15 years, with interlock device privileges available after 2 years. Schmidt appeals.

## ASSIGNMENTS OF ERROR

Schmidt asserts that the district court (1) erred in enhancing his conviction to a third offense and (2) imposed an excessive sentence.

## STANDARD OF REVIEW

A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2013).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Castaneda*, 295 Neb. 547, 889 N.W.2d 87 (2017).

## ANALYSIS

*Enhancement.*

Schmidt asserts that the district court erred in enhancing his conviction for DUI to a third offense due to the improper reliance on a 2006 prior conviction (exhibit 2), which did not establish that he had been advised of his right to counsel at the time of sentencing. Exhibit 2 shows that there was a valid waiver of counsel at the combined arraignment and plea hearing, at which Schmidt pled guilty. However, the record does not contain an additional waiver of counsel at the time of sentencing; not does it contain anything showing the prior waiver had been revoked.

In a proceeding to enhance punishment because of prior convictions, the State has the burden of proving such prior convictions by a preponderance of the evidence. *State v. Bol*, 288 Neb. 144, 846 N.W.2d 241 (2014). To prove the constitutional validity of a prior conviction for enhancement purposes, the State must prove that the prior conviction was not obtained in violation of the defendant's Sixth Amendment right to counsel. See *State v. Scheffert*, 279 Neb. 479, 778 N.W.2d 733 (2010). The State is required to show that the defendant had counsel, or validly waived counsel, at each "critical stage" of the prior conviction. *Id.* In *Scheffert*, the Court found enhancement to be appropriate as the defendant was represented by counsel at the critical stages that followed his arraignment--the plea hearing and the sentencing. *Id.*

The State points to the earlier case of *State v. Harig*, 192 Neb. 49, 218 N.W.2d 884 (1974), in which the record of a previous conviction showed a valid waiver of counsel at the plea hearing,

at which the defendant pled guilty, but it did not contain anything regarding the right to counsel at sentencing. In affirming the enhancement of the defendant's conviction under the habitual criminal statutes, the Nebraska Supreme Court noted that sentencing is a "critical stage" of criminal proceedings at which an accused is entitled to be represented by counsel. The Court noted precedent from federal courts, holding that

> [U]nder the Sixth Amendment to the United States Constitution, if a waiver of the right to counsel has been properly made at the arraignment at which a plea of guilty was entered, the trial court is not required at the subsequent sentencing proceeding to again apprise the defendant of his right to counsel, so long as nothing has intervened between the arraignment and sentencing that should cause the waiver at the arraignment to be ineffective for the purposes of the sentencing proceeding.

192 Neb. at 59; 218 N.W.2d at 890-91; citing *Davis v. United States* 226 F.2d 834 (8th Cir., 1955); *Panagos v. United States*, 324 F.2d 764 (10th Cir., 1963). See, also, *State v. Tiff*, 199 Neb. 519, 260 N.W.2d 296 (1977). Cf. *State v. Dyke*, 231 Neb. 621, 437 N.W.2d 164 (1989) (once defendant has been informed of right to retained or appointed counsel, there is no requirement that court advise defendant, on each subsequent court appearance, of same right).

In the case before us, exhibit 2 clearly shows a valid waiver of counsel at the combined arraignment and plea hearing. The record does not contain any intervening action during the few weeks between the plea hearing and sentencing that would cause the prior waiver to be ineffective. Thus, the district court did not err in finding exhibit 2 to be a valid prior conviction for purposes of enhancement. This assignment of error is without merit.

*Excessive Sentence.*

Schmidt was sentenced to 2 to 4 years' incarceration, a fine of $1,000, and license revocation for 15 years. This sentence was within the statutory range in effect at the time of this offense. See, Neb. Rev. Stat. § 60-6,197.03(6) (Cum. Supp. 2014); Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Nevertheless, Schmidt argues that his sentence was excessive. Schmidt first argues that he should have been sentenced to a misdemeanor because the district court erroneously enhanced his conviction, an argument that we have already rejected. Additionally, Schmidt points to his limited criminal history, his remorse for his actions, his engagement in inpatient and outpatient treatment, and his motivation to remain sober. Schmidt asserts that a probation order would have permitted him to continue in treatment and to work and reestablish himself in the community.

When imposing a sentence, a sentencing judge should consider the following factors related to the defendant: (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, (7) nature of the offense, and (8) amount of violence involved in the commission of the crime. *State v. Castaneda*, 295 Neb. 547, 889 N.W.2d 87 (2017). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *State v. Nollen*, 296 Neb. 94, ___ N.W.2d ___ (2017).

The record shows that the sentencing hearing was continued twice as a result a of Schmidt's residential and outpatient treatment following a relapse in maintaining his sobriety. Schmidt was 31 years old at the time of sentencing and his criminal history shows two prior DUI convictions, the first when he was 21 or 22 years old. The district court, after reviewing the PSI and hearing comments from Schmidt and his counsel, noted that this incident resulted in an accident in which Schmidt caused property damage and physical injury to himself, and his blood alcohol content was .389. The sentencing judge indicated that she had struggled with the kind of sentence to impose, recognizing Schmidt's need for, and efforts toward, treatment. However, the court ultimately focused on the safety of the public and Schmidt's history in finding that imprisonment was necessary.

Based upon this record, we can find no abuse of discretion in the sentence imposed. This assignment of error is without merit.

## CONCLUSION

The district court did not err in enhancing Schmidt's conviction or in imposing sentence.

AFFIRMED.