Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/10/2020 04:10 PM CDT

State of Nebraska, appellee, v.
Abdul F. Vann, appellant.
___ N.W.2d ___

Filed June 12, 2020.    No. S-18-928.

1. **Criminal Law: Convictions: Evidence: Appeal and Error.** When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

2. **Motions to Dismiss: Directed Verdict: Waiver: Appeal and Error.** A defendant who moves for dismissal or a directed verdict at the close of the evidence in the State's case in chief in a criminal prosecution and who, when the court overrules the dismissal or directed verdict motion, proceeds with trial and introduces evidence, waives the appellate right to challenge correctness in the trial court's overruling the motion for dismissal or a directed verdict but may still challenge the sufficiency of the evidence.

3. **Criminal Law: Evidence: Appeal and Error.** When a criminal defendant challenges the sufficiency of the evidence upon which a conviction is based, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

4. **Evidence: Waiver: Appeal and Error.** A party who fails to make a timely objection to evidence waives the right on appeal to assert prejudicial error concerning the evidence received without objection.

5. **Convictions: Presumptions: Right to Counsel: Waiver: Proof.** Convictions obtained after *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), are entitled to a presumption of regularity such that records of conviction are admissible unless the defendant can show that he or she did not have or waive counsel at the time of conviction.

Appeal from the District Court for Sarpy County: Stefanie A. Martinez, Judge. Affirmed.

Thomas P. Strigenz, Sarpy County Public Defender, and Mitchell Sell, Senior Certified Law Student, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Abdul F. Vann appeals his conviction for possession of a deadly weapon by a prohibited person. Vann argues that his conviction should be overturned because the State did not introduce evidence affirmatively showing that he had or waived counsel at the time of his prior felony conviction. We, however, find that there was sufficient evidence to support Vann's conviction and that the district court did not err in admitting into evidence certified court records showing that Vann had counsel at the time he was sentenced for his prior conviction, but was silent as to whether he had counsel at the time he entered his plea. Finding no error, we affirm.

## BACKGROUND

This case arises out of an incident in which a law enforcement officer found a set of brass knuckles in Vann's pocket during a search. This led the State to bring charges against Vann for possession of a deadly weapon by a prohibited person and carrying a concealed weapon, among other charges.

To prove that Vann was a felon and therefore prohibited from possessing a deadly weapon, the State offered documentary evidence that Vann was convicted of possession of cocaine in the district court for Douglas County in 1992. In particular, the State offered exhibit 7, a five-page court record authenticated by the clerk of the district court for Douglas

County. Exhibit 7 indicated that Vann was charged in that court with possession of cocaine and that he appeared with counsel for sentencing following a guilty plea. Nothing in exhibit 7 expressly indicated that Vann was represented by counsel at the time he entered his guilty plea or that he had waived that right. When the State offered exhibit 7, Vann's counsel stated, "I have no objection to Exhibit 7 as an authenticated, certified copy." The district court received exhibit 7 into evidence.

At the conclusion of the State's case, Vann moved to dismiss the charge of possession of a deadly weapon by a prohibited person. Vann argued that exhibit 7 did not show that he had or waived counsel at the time of his prior guilty plea and was thus insufficient to establish that Vann was a prohibited person under *State v. Portsche*, 258 Neb. 926, 606 N.W.2d 794 (2000). The district court denied Vann's motion to dismiss. Vann went on to introduce evidence of his own. After the conclusion of all evidence, Vann renewed his motion to dismiss on the ground that the evidence was insufficient. The district court overruled the motion.

The jury convicted Vann of both possession of a deadly weapon by a prohibited person and possession of a concealed weapon. Vann was sentenced to a term of imprisonment of 1 year for possession of a deadly weapon by a prohibited person and 6 months for possession of a concealed weapon. The sentences were ordered to be served concurrently to each other and with a sentence for a conviction in North Dakota. After Vann timely appealed, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

## ASSIGNMENTS OF ERROR

Vann assigns that the district court erred by (1) overruling his motion to dismiss at the conclusion of the State's case and (2) finding that exhibit 7 was a valid prior conviction that could be used to prove that he had previously been convicted of a felony.

## STANDARD OF REVIEW

[1] When reviewing a criminal conviction for sufficiency of the evidence to sustain the conviction, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Stubbendieck*, 302 Neb. 702, 924 N.W.2d 711 (2019).

## ANALYSIS

Vann's assignments of error pertain only to his conviction for possession of a deadly weapon by a prohibited person. Both of his assignments of error challenge the State's use of exhibit 7 to prove that Vann had a prior felony conviction. Vann argues that because exhibit 7 did not affirmatively show that Vann had or waived counsel at the time of his guilty plea in his prior case, his motion to dismiss should have been granted and exhibit 7 should not have been admitted into evidence. Though Vann's assignments of error are similar, they are analytically distinct and we thus consider them separately in the sections below.

*Sufficiency of Evidence.*

[2] Vann's first argument is that the district court erred by denying the motion to dismiss he filed at the conclusion of the State's case. The record, however, shows that after the State rested and Vann's motion was denied, Vann put on evidence of his own. Vann thereby waived the right to challenge the district court's denial of his motion to dismiss. A defendant who moves for dismissal or a directed verdict at the close of the evidence in the State's case in chief in a criminal prosecution and who, when the court overrules the dismissal or directed verdict motion, proceeds with trial and introduces evidence, waives the appellate right to challenge correctness in the trial court's overruling the motion for dismissal or a directed verdict but may still challenge the sufficiency

of the evidence. *State v. Briggs*, 303 Neb. 352, 929 N.W.2d 65 (2019).

[3] Vann also asserts that the evidence was insufficient to support his conviction. When a criminal defendant challenges the sufficiency of the evidence upon which a conviction is based, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Montoya*, 304 Neb. 96, 933 N.W.2d 558 (2019). In order to review whether there was sufficient evidence to support Vann's conviction for possession of a deadly weapon by a prohibited person, we must therefore first determine the essential elements of the offense.

To determine the elements of a crime, we look to the text of the statute. *State v. Mann*, 302 Neb. 804, 925 N.W.2d 324 (2019). The statutory definition of possession of a deadly weapon by a prohibited person in effect at the time of the offense is set forth in Neb. Rev. Stat. § 28-1206 (Reissue 2016). It provides, in pertinent part, that a person commits the offense if he or she "possesses a firearm, a knife, or brass or iron knuckles" and "has previously been convicted of a felony." The statutory text thus sets forth two elements that the State was required to prove in order to convict Vann: (1) that he possessed a firearm, a knife, or brass or iron knuckles and (2) that he had a previous felony conviction. See, also, *State v. Castor*, 257 Neb. 572, 599 N.W.2d 201 (1999) (finding that prior felony conviction is essential element of offense of felon in possession of firearm).

Vann does not and could not dispute that there was sufficient evidence of both of the elements listed above—there was evidence that he possessed brass knuckles and that he had a prior felony conviction. Instead, Vann argues that the evidence to convict was insufficient because it did not show that he had or waived counsel at the time of his prior conviction. Vann argues that our opinion in *State v. Portsche*, 258

Neb. 926, 606 N.W.2d 794 (2000), requires such evidence. As we will explain below, however, *Portsche* did not recognize any essential elements beyond those that appear in the text of § 28-1206, and thus, an argument based on *Portsche* is not properly framed as a challenge to the sufficiency of the evidence.

In *Portsche*, the defendant was charged with being a felon in possession of a firearm in violation of § 28-1206. At a bench trial, the State offered records of a prior plea-based conviction, but the district court found that the conviction was not valid for purposes of § 28-1206 because the records did not reflect that the defendant had an attorney or waived his right to an attorney at the time of his plea. The district court found the defendant not guilty of the charge, and the State brought an error proceeding pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995). In the error proceeding, the State argued that a prior uncounseled conviction could establish that a defendant had "previously been convicted of a felony" for purposes of § 28-1206.

We rejected the State's argument in *Portsche*, citing a prior felon in possession case, *State v. Groves*, 239 Neb. 660, 477 N.W.2d 789 (1991). In *Groves*, the defendant argued that the trial court erred by allowing the admission of evidence that he had a prior burglary conviction. The defendant argued that evidence of his prior conviction should have been excluded because the records failed to show that at the time of his prior conviction, he had or waived counsel. We noted we had previously held in the sentence enhancement context that in order to prove a prior conviction, the State was required to prove that, at the time of the conviction, the defendant had or waived counsel. We determined the State should be required to prove the same in order to prove a prior conviction for purposes of § 28-1206. Notably, the defendant in *Groves* did not frame his challenge as one of insufficient evidence. Instead, he argued that evidence of a prior conviction could not be *admitted* without proof

that the defendant had or waived counsel at the time of the prior conviction.

We understand *Portsche* to have adopted a rule pertaining to the admissibility of evidence of prior convictions in felon in possession prosecutions, as opposed to recognizing additional essential elements under § 28-1206. We reach this conclusion for several reasons. First, as we have noted, we look to statutory language to determine the essential elements of the offense, and no statutory language makes reference to the role of counsel in a prior conviction. Second, we relied upon *Groves*, which discussed the same rule in the context of an evidence admissibility challenge. Third, we summarized our holding in admissibility terms: "Before a prior felony conviction *can be used* to prove that a defendant is a felon in a felon in possession case, the State must prove either that the prior felony conviction was counseled or that counsel was waived." *State v. Portsche*, 258 Neb. 926, 940, 606 N.W.2d 794, 803 (2000) (emphasis supplied). And finally, if *Portsche* actually made the presence or waiver of counsel at the time of a prior conviction an essential element of the offense, juries could be placed in the position of deciding the legal question of whether a defendant validly waived counsel.

We recognize that in *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013), we briefly considered a sufficiency of the evidence argument based on *Portsche*. To the extent this aspect of *Watt* could be read to suggest that the State is required to prove that a defendant charged with violating § 28-1206 had or waived counsel at the time of a prior conviction as an essential element of the crime, it is disapproved.

For the reasons we have explained, the only essential elements the State was required to prove to convict Vann were that he possessed brass knuckles and that he was previously convicted of a felony. Because a rational trier of fact could have found both of these elements beyond a reasonable doubt, his sufficiency of the evidence challenge fails.

*Admissibility of Exhibit 7.*

[4] Vann's other assignment of error is that the district court erred by finding that exhibit 7 could be used to prove that he had previously been convicted of a felony. We understand this assignment of error to challenge the admissibility of exhibit 7. At the time exhibit 7 was offered, Vann did not object. We have held that a party who fails to make a timely objection to evidence waives the right on appeal to assert prejudicial error concerning the evidence received without objection. See, e.g., *State v. Harris*, 263 Neb. 331, 640 N.W.2d 24 (2002).

At oral argument, Vann argued that the lack of a contemporaneous objection to exhibit 7 does not preclude reversal of his conviction in this case because the admission of exhibit 7 was plain error. Vann is, of course, correct that we can recognize plain error even when evidence is received without a timely objection. See, e.g., *State v. Kuhl*, 276 Neb. 497, 755 N.W.2d 389 (2008). As we will explain, however, we do not believe the district court committed any error, let alone plain error, by receiving exhibit 7.

In support of his argument that exhibit 7 should not have been admitted, Vann relies primarily on *Portsche*. He points to language in *Portsche* stating that where a record is silent as to whether a defendant had or waived counsel at the time of a prior conviction, courts may not presume that the defendant had or waived counsel. This language from *Portsche* is consistent with a line of cases from this court. Particularly relevant to the facts of Vann's appeal are cases within that line of precedent, which hold that, even if there is evidence a defendant had counsel at the time of sentencing for a prior conviction, evidence of that conviction should not be considered in the absence of proof that the defendant also had or waived counsel at the time of conviction. See, e.g., *State v. Hall*, 268 Neb. 91, 679 N.W.2d 760 (2004); *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002).

This line of cases appears to have begun with *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983). In *Smith*, this court

held that courts could not presume that a defendant's prior conviction was obtained in compliance with the Sixth Amendment right to counsel. We did so in reliance on the U.S. Supreme Court's opinion in *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967).

In *Burgett*, the U.S. Supreme Court held that prosecutors in a Texas case could not use records of a prior Tennessee conviction when those records did not show that the defendant had or waived counsel in the Tennessee case. The U.S. Supreme Court held that it could not presume the defendant had or waived counsel in the Tennessee proceedings. The Court stated, "To permit a conviction obtained in violation of *Gideon v. Wainwright*[, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963),] to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." *Burgett*, 389 U.S. at 115.

After *Smith*, we continued to apply the principle we recognized in reliance on *Burgett*. See, e.g., *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996); *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994); *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991). We were not alone among state high courts in understanding *Burgett* to prohibit courts from presuming that a prior conviction was obtained in compliance with the Sixth Amendment. See, e.g., *State v. Grenvik*, 291 Or. 99, 628 P.2d 1195 (1981), *overruled, State v. Probst*, 339 Or. 612, 124 P.3d 1237 (2005); *State v. Reagan*, 103 Ariz. 287, 440 P.2d 907 (1968), *overruled, State v. McCann*, 200 Ariz. 27, 21 P.3d 845 (2001).

But while the principle Vann relies upon rests on a particular understanding of *Burgett*, a subsequent U.S. Supreme Court decision indicated that *Burgett* should not be read so broadly. In *Parke v. Raley*, 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992), a federal habeas petitioner contended a Kentucky sentencing enhancement procedure that presumed the validity of prior convictions and required the defendant to show the conviction was somehow invalid was unconstitutional. The

U.S. Supreme Court disagreed, reasoning that the habeas petitioner was collaterally attacking his prior convictions and that under those circumstances, a "'presumption of regularity'" should attach to the prior convictions. *Parke*, 506 U.S. at 29. In the course of the opinion, the Court found no merit to an argument that *Burgett* would not permit a presumption that the prior convictions were constitutionally valid. It explained that at the time the prior conviction at issue in *Burgett* was entered, state criminal defendants' federal constitutional right to counsel had not yet been recognized. Under *those circumstances*, the *Parke* Court said, it was not reasonable to presume from a silent record that the prior conviction was validly obtained.

After oral argument in this case, we asked the parties to submit supplemental briefs addressing whether, in light of *Parke*, the State or the defendant bears the burden of proving that a prior conviction was or was not obtained in violation of the Sixth Amendment right to counsel. Vann argued that *Parke* does not call the principle first expressed in *Smith* into question. The State argued that *Parke* rejected the broad reading of *Burgett* upon which *Smith* and its progeny relied and that a prior criminal conviction was entitled to a presumption of regularity.

Having considered *Parke* and the parties' arguments regarding it, we do not believe we were correct to say that a court can never presume that a defendant had or waived counsel at the time of a prior conviction. Although the line of cases beginning with *Smith* read *Burgett* to prohibit such a presumption as a constitutional matter, *Parke* makes clear that reading of *Burgett* was too broad and that *Burgett* does not speak to prior convictions obtained after the recognition of a federal constitutional right to counsel in state court in *Gideon*.

Not only do we believe it is not unconstitutional for a court to extend a presumption of regularity to post-*Gideon* prior convictions, we believe such a presumption is consistent with the way our law generally treats final judgments in criminal

cases. We have long held that judgments imposing sentences in a criminal case are entitled to a presumption of regularity and validity. See, e.g., *Nicholson v. Sigler*, 183 Neb. 24, 157 N.W.2d 872 (1968); *Sedlacek v. Hann*, 156 Neb. 340, 56 N.W.2d 138 (1952).

Furthermore, as a factual matter, we think it unlikely that many modern convictions are obtained in violation of a defendant's Sixth Amendment rights. As other courts have observed, the recognition of a constitutional right to counsel in *Gideon* and the further recognition of that right in state statutes or rules of criminal procedure, see, e.g., Neb. Rev. Stat. § 29-3903 (Cum. Supp. 2018), make it unlikely that defendants are convicted without counsel or waiving the right thereto. See, e.g., *Com. v. Saunders*, 435 Mass. 691, 761 N.E.2d 490 (2002); *State v. McCann*, 200 Ariz. 27, 21 P.3d 845 (2001); *State v. Glenn*, No. 34790-3-II, 2007 WL 2379655 (Wash. App. Aug. 21, 2007) (unpublished opinion listed at 140 Wash. App. 1014 (2007)). And even if a conviction is somehow obtained in violation of *Gideon*, a defendant can successfully challenge that conviction. *Glenn, supra*.

We are in no way breaking new ground by concluding that *Burgett* does not prohibit courts from presuming that convictions obtained after *Gideon* were obtained in compliance with the Sixth Amendment. After *Parke*, many state and federal courts have concluded that post-*Gideon* convictions are entitled to a presumption of regularity, such that once the government establishes the existence of a prior conviction, it becomes the defendant's burden to prove that he or she did not have counsel and did not waive the right to counsel at the time of conviction. See, e.g., *U.S. v. Coppage*, 772 F.3d 557 (8th Cir. 2014); *U.S. v. Guerrero-Robledo*, 565 F.3d 940 (5th Cir. 2009); *U.S. v. Bush*, 405 F.3d 909 (10th Cir. 2005); *U.S. v. Cline*, 362 F.3d 343 (6th Cir. 2004); *U.S. v. Jones*, 332 F.3d 688 (3d Cir. 2003); *U.S. v. Gray*, 177 F.3d 86 (1st Cir. 1999); *State v. Von Ferguson*, 169 P.3d 423 (Utah 2007); *Nicely v. Commonwealth*, 25 Va. App. 579, 490 S.E.2d 281 (1997). Included among

the state high courts that have adopted this position are those that, like us, once understood *Burgett* to prohibit courts from presuming that a prior conviction was obtained in compliance with the Sixth Amendment. See, e.g., *State v. Probst*, 339 Or. 612, 124 P.3d 1237 (2005); *State v. McCann*, 200 Ariz. 27, 21 P.3d 845 (2001).

[5] Persuaded that this approach is correct, we overrule our prior cases to the extent they hold that courts cannot presume that the defendant had or waived counsel at the time of a prior conviction. See, e.g., *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011); *State v. King*, 272 Neb. 638, 724 N.W.2d 80 (2006); *State v. King*, 269 Neb. 326, 693 N.W.2d 250 (2005); *State v. Hall*, 268 Neb. 91, 679 N.W.2d 760 (2004); *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002); *State v. Nelson*, 262 Neb. 896, 636 N.W.2d 620 (2001); *State v. Portsche*, 258 Neb. 926, 606 N.W.2d 794 (2000); *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996); *State v. Ristau*, 245 Neb. 52, 511 N.W.2d 83 (1994); *State v. Reimers*, 242 Neb. 704, 496 N.W.2d 518 (1993); *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991); *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991); *State v. Sherrod*, 229 Neb. 128, 425 N.W.2d 616 (1988); *State v. Foster*, 224 Neb. 267, 398 N.W.2d 101 (1986); *State v. Huffman*, 222 Neb. 512, 385 N.W.2d 85 (1986); *State v. Schaf*, 218 Neb. 437, 355 N.W.2d 793 (1984); *State v. Ellis*, 216 Neb. 699, 345 N.W.2d 323 (1984); *State v. Ziemba*, 216 Neb. 612, 346 N.W.2d 208 (1984); *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983). We hold that post-*Gideon* convictions are entitled to a presumption of regularity such that records of conviction are admissible unless the defendant can show that he or she did not have or waive counsel at the time of conviction.

To be clear, our decision leaves untouched the central holding of *Portsche* that the State may not rely upon a conviction obtained in violation of the Sixth Amendment in order to establish a violation of § 28-1206. Only the language in *Portsche* stating that a court cannot presume that a

prior conviction was obtained in compliance with the Sixth Amendment is disapproved.

Additionally, we note that even though this is a case in which a prior conviction is an element of the offense, our decision today also overrules cases in which the State attempted to rely on prior convictions to enhance a sentence. As mentioned above, we have previously treated rules governing the consideration of records of conviction when a prior conviction is an element of the offense as equally applicable to attempts to use a prior conviction to enhance a sentence. See, e.g., *State v. Groves*, 239 Neb. 660, 477 N.W.2d 789 (1991). Like other courts, we see no reason to treat the two situations differently today. See, e.g., *Probst*, 339 Or. at 624, 124 P.3d at 1244 (collecting cases in which courts "adopted the presumption of regularity for prior convictions used to enhance sentences or as elements of a crime"); *State v. McCann*, 200 Ariz. 27, 21 P.3d 845 (2001) (holding that presumption of regularity applies to prior convictions regardless of whether they are used to enhance sentence or to prove element of offense).

Turning to the facts of the present case, the application of the foregoing principles is straightforward. Via exhibit 7, the State demonstrated the existence of a prior conviction obtained decades after the establishment of a federal constitutional right to counsel, and Vann did not object to its admission. At that point, the conviction was entitled to a presumption of regularity and Vann had the burden to show that he did not have counsel at the time of the conviction and did not waive the right to counsel. Vann, however, introduced no evidence even suggesting as much. Accordingly, the district court did not err in receiving exhibit 7.

*Response to Concurring Opinion.*

Prior to concluding, we write in response to the concurring opinion's assertion that, in this opinion, we have adopted "new principles of appellate law." It appears the concurring opinion believes we have done so because of the circumstances

under which we considered the State's argument that the line of cases that began with *State v. Smith*, 213 Neb. 446, 329 N.W.2d 564 (1983), rested on a misunderstanding of *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), and should be overruled. As we will explain, however, the result we reach today comes about through the application of existing principles, not the establishment of new ones.

First, this opinion does not change our rule that generally we do not consider issues raised for the first time on appeal. As we recently explained, "[t]his is primarily so because a trial court cannot commit error regarding an issue that was never presented to it or submitted for its disposition." *State v. Kruse*, 303 Neb. 799, 811, 931 N.W.2d 148, 156 (2019). In that same opinion, we said that "where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that articulated by the trial court, an appellate court will affirm." *Id.* In the present case, we are not finding that the trial court erred regarding an issue that was not presented to it. Rather, we are affirming the decision of the trial court on an alternate basis, a well-worn path in our jurisprudence.

There was also no reason for the State to raise the continuing vitality of the *Smith* line of cases before the district court. Not only was exhibit 7 received into evidence, Vann did not object to its receipt. While we certainly understand that a party generally must make objections to the actions of the trial court to preserve subsequent appellate review, the admission of exhibit 7 was not even a contested issue in the trial court, let alone an issue to which the State would be expected to enter an objection.

Neither do we believe our opinion establishes any new principles regarding the raising of issues for the first time at oral argument. We do not dispute that it is generally advisable for parties to raise issues on appeal before oral argument, but again, we have long recognized that appellate courts may affirm a decision of a trial court where the record

demonstrates it is correct, even if for a different reason than that expressed by the trial court. Here, the State raised at oral argument the continuing vitality of the line of cases beginning with *Smith*; we gave the parties the opportunity to address the issue in supplemental briefing; and ultimately, we determined the trial court decision was correct, albeit for a reason not expressed by the trial court judge.

Further, our own precedent indicates that we may consider this issue on appeal even though the State did not raise it in the trial court or until oral argument on appeal. In *Bassinger v. Nebraska Heart Hosp.*, 282 Neb. 835, 806 N.W.2d 395 (2011), an employee in a workers' compensation matter argued for the first time on appeal that one of our prior cases was wrongly decided. The employer asserted that the employee waived the argument because she did not present it to the workers' compensation review panel. We rejected the employer's position, explaining that the employee did not waive the argument because the review panel lacked the power to overturn our precedent. In this case, the State obviously could not have asked the trial court to overrule any of our cases. And, under the circumstances, neither do we believe the omission of the issue from the State's brief on appeal can be considered a waiver. The State filed its brief before we moved the case to our docket, when it was pending before the Nebraska Court of Appeals. The Court of Appeals, like the review panel in *Bassinger*, lacks the authority to overrule our precedent.

We also disagree that this opinion makes any changes to our plain error review standard. When we review an issue for plain error, we will reverse only when an error is plainly evident from the record and certain other requirements are met. See, e.g., *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020). We applied that standard here, found no plain error, and therefore affirmed.

The concurrence does not say how it would resolve this case under plain error review, but to the extent it suggests

that we should have found that the receipt of exhibit 7 merely did not rise to the level of plain error without reconsidering any precedent, that course was not open to us here. Our precedent held that it *was* plain error to presume that a prior conviction was obtained in compliance with a defendant's Sixth Amendment rights. See, e.g., *State v. Thomas*, 262 Neb. 985, 637 N.W.2d 632 (2002). And to the extent the concurrence would have us refuse to reconsider whether something we have held is plain error is actually error at all, that would, rather strangely, allow a party to insulate shaky precedent from review by declining to object at trial. We reviewed for plain error because Vann did not object to the receipt of exhibit 7. We do not understand why his failure to object would preclude us from considering whether the precedent he relied upon remains good law.

## CONCLUSION

Because the district court did not err in receiving exhibit 7 and because there was sufficient evidence to support the challenged conviction under § 28-1206, we affirm.

Affirmed.

Heavican, C.J., not participating.

Miller-Lerman, J., concurring.

Regrettably, today the majority announces a wholly unforced new chapter in Nebraska appellate jurisprudence. The majority opinion establishes the following precedents:

• The Nebraska Supreme Court will consider new arguments made by any party for the first time at oral argument before the Nebraska Supreme Court (i.e., parties are no longer required to present or preserve a controlling issue earlier in the appellate process or in the lower courts); and

• "Plain error review" is now a vehicle for the Nebraska Supreme Court for overruling precedent (i.e., the Nebraska Supreme Court's plain error review doctrine is no longer limited to correcting errors *committed by the trial court* under existing law plainly evident from the record).

In my view, adoption of these new principles of appellate law injects instability and diminishes confidence in Nebraska's appellate process.

Notwithstanding the foregoing, I agree that the *Smith* line of precedents has become at odds with the progeny of *Parke*. So applying the new substantive law announced today, I concur.