Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/17/2018 09:09 AM CDT

State of Nebraska, appellee, v.
Darwin E. Brown, appellant.
___ N.W.2d ___

Filed May 25, 2018.    Nos. S-17-442 through S-17-444.

1. **Statutes: Judgments: Appeal and Error.** The meaning of a statute is a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Sentences: Appeal and Error.** A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court.
3. ____: ____. An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result.
4. **Sentences.** The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.
5. ____. In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

Appeals from the District Court for Lancaster County: Lori A. Maret, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, Bradley A. Sipp, and, on brief, Jennifer M. Houlden for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Harder and Noakes, District Judges.

Miller-Lerman, J.

## NATURE OF CASE

Cases Nos. S-17-442 through S-17-444 have been consolidated before us on appeal. In each of these three appeals, Darwin E. Brown appeals his conviction and sentence in the district court for Lancaster County for driving under the influence. With regard to each conviction, Brown was found to have had two prior convictions as defined by Neb. Rev. Stat. § 60-6,197.02(1)(a) (Cum. Supp. 2016). Brown claims, inter alia, that a prior conviction in Missouri should not have been used for purposes of enhancing his sentences for these convictions. Because we conclude that the Missouri conviction was valid for use as a prior conviction in each of these cases, we affirm Brown's convictions and sentences.

## STATEMENT OF FACTS

In each of these three cases, the State filed an information against Brown in the district court for Lancaster County alleging that he committed the crime of driving under the influence (hereinafter DUI) in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 2010). The dates of the charged offenses were July 19, 2015, and January 16 and May 6, 2016. The State also alleged in each information that at the time of the offense, Brown had a breath alcohol concentration of .15 grams or above of alcohol per 210 liters of breath. The State further alleged in each information that at the time of the offense, Brown had two prior convictions as defined by § 60-6,197.02: one for an offense that occurred on December 1, 2013, in Nebraska and one for an offense that occurred on December 17, 2003, in Missouri.

Pursuant to a plea agreement, Brown pled guilty to the three DUI charges and, in exchange, the State refrained from filing additional charges and from charging a separate DUI offense, which was pending in the county court, as a third offense

rather than as a second offense. At the plea hearing, the State gave a factual basis as to each charge, which factual basis was generally that on the alleged date, Brown was subjected to a traffic stop by a law enforcement officer, that the officer saw signs of impairment and conducted preliminary tests, and that a breath test performed after Brown was transported to jail showed that he had an alcohol concentration in excess of .15. The court accepted Brown's pleas and found him guilty of the charged offenses.

At an enhancement hearing, the district court received evidence of the two alleged prior offenses. At the hearing, the court found that the Nebraska conviction was a valid prior conviction for purposes of enhancement. The court reserved ruling on the Missouri conviction; but at the sentencing hearing, the court found that the Missouri conviction was a valid prior conviction for purposes of enhancement. The court concluded that as to each of the current offenses, Brown had two prior DUI convictions, including the Missouri conviction, and that he had a breath alcohol concentration in excess of .15. Therefore, under Neb. Rev. Stat. § 60-6,197.03(6) (Supp. 2013 & Cum. Supp. 2014), each offense was a Class IIIA felony.

The court sentenced Brown to consecutive terms of imprisonment for 3 to 5 years for the conviction of the July 2015 incident, for 3 to 3 years for the conviction of the January 2016 incident, and for 3 to 3 years for the conviction of the May 2016 incident. Because the July 2015 incident occurred before the August 30, 2015, effective date of statutory changes made by 2015 Neb. Laws, L.B. 605, a higher maximum penalty of 5 years' imprisonment applied to that conviction. However, the two other convictions for the offenses which occurred after August 30, 2015, were subject to a maximum penalty of 3 years' imprisonment because of changes made by L.B. 605. Further, Brown's sentences for the convictions of the January and May 2016 offenses were not subject to postrelease supervision, because the court imposed the sentences in those cases consecutively to the sentence for the July 2015 offense. In *State v. Chacon*, 296 Neb. 203, 894 N.W.2d

238 (2017), we cited Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016), which provides:

> For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with (a) a sentence for a Class III, IIIA, or IV felony for an offense committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

Section 29-2204.02(4) became effective April 20, 2016, and we held in *Chacon* that § 29-2204.02(4) applied to a sentence that was not final on the effective date of the statute. Section 29-2204.02(4) applied to the sentencing in these cases, which sentencing occurred on April 4, 2017. In addition to the sentences of imprisonment in each of these cases, the court ordered that Brown's driver's license be revoked for 15 years.

Brown appeals his three convictions and sentences. We consolidated the three appeals.

## ASSIGNMENTS OF ERROR

In each of these appeals, Brown claims that the district court erred when it used the Missouri conviction as a prior conviction to enhance his sentences for the present DUI convictions. He also claims the court imposed excessive sentences.

## STANDARDS OF REVIEW

[1] The meaning of a statute is a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011).

[2,3] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Smith*, 295 Neb. 957, 892 N.W.2d 52 (2017).

An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and a just result. *Id*.

## ANALYSIS

*Use of Missouri Conviction as a Prior*
*Conviction Was Not In Error.*

Brown first claims that the district court erred when it used the Missouri conviction as a prior conviction to enhance his sentences for the present DUI convictions. We conclude that the use of the Missouri conviction as a prior conviction was not in error.

Section 60-6,197.03 sets forth penalties for DUI convictions under § 60-6,196. The promulgated penalties include enhanced sentences for offenders who have had prior convictions. In these cases, Brown's convictions were sentenced as Class IIIA felonies pursuant to § 60-6,197.03(6) which applies when the defendant "has had two prior convictions and, as part of the current violation, had a [blood or breath alcohol] concentration" in excess of .15. Section 60-6,197.02(1)(a)(i)(C) provides that for purposes of sentencing for a violation of § 60-6,196, a prior conviction includes, inter alia, "[a]ny conviction under a law of another state if, at the time of the conviction under the law of such other state, the offense for which the person was convicted would have been a violation of . . ." § 60-6,196 or one of the other enumerated Nebraska DUI-related statutes.

Brown argues that his Missouri conviction for driving while intoxicated (DWI) in 2003 would not necessarily have been a DUI in Nebraska, because the Missouri statute under which he was convicted provided a lower threshold for intoxication than under Nebraska law. Brown relies in part on our decision in *State v. Mitchell*, 285 Neb. 88, 95, 825 N.W.2d 429, 434 (2013), in which we held that a Colorado conviction for "driving while ability impaired" (DWAI) was not a prior DUI conviction for enhancement purposes, because the

threshold for proving a DWAI in Colorado was the "slightest degree" of impairment and was lower than the threshold for proving DUI in Nebraska.

The evidence presented by the State in these cases indicated that Brown's 2003 conviction in Missouri was for "Dwi - Alcohol" pursuant to Mo. Rev. Stat. § 577.010 (West 2003), which provided that "[a] person commits the crime of '**driving while intoxicated**' if he operates a motor vehicle while in an intoxicated or drugged condition." Another Missouri statute, Mo. Rev. Stat. § 577.001(2) (West 2003), defined "'**intoxicated condition**'" as being "under the influence of alcohol, a controlled substance, or drug, or any combination thereof."

At the time of Brown's Missouri conviction, § 60-6,196(1) (Supp. 2003) provided that it was "unlawful for any person to operate or be in the actual physical control of any motor vehicle . . . [w]hile under the influence of alcoholic liquor or of any drug." Comparing the language of the relevant statutes in Missouri and Nebraska, we determine that a conviction for the offense of DWI under the Missouri statutes would have established a DUI violation under § 60-6,196.

A conviction under the Missouri statutes required that one "operates a motor vehicle while in an intoxicated or drugged condition," see § 577.010, and defined "intoxicated condition" as being "under the influence of alcohol, a controlled substance, or drug, or any combination thereof," see § 577.001(2). Reading the two statutes together, a conviction for DWI in Missouri required proof that one "operate[d] a motor vehicle while . . . under the influence of alcohol, a controlled substance, or . . . any combination thereof." This statutory language setting forth the offense of DWI in Missouri was substantially the same as the language of § 60-6,196(1), which defined proof of DUI to include that one "operate[d] . . . any motor vehicle . . . [w]hile under the influence of alcoholic liquor or of any drug." Both the Missouri and the Nebraska statutory schemes effectively required that one

operate a motor vehicle while "under the influence" of alcohol or a drug. Although the Missouri statute referred to the offense as "DWI" rather than "DUI," it included essentially the statutory elements that were necessary to establish DUI under § 60-6,196 in Nebraska.

Brown's argument looks beyond the statutory language and relies on court interpretations of the two states' statutes. He notes that Missouri courts clarified that "'under the influence of alcohol'" meant "'any intoxication that in any manner impairs the ability of a person to operate an automobile.'" *State v. Edwards*, 280 S.W.2d 184, 189 (Mo. App. 2009). He compares Missouri case law to cases in which this court has stated that the Nebraska statutory phrase "'under the influence of alcoholic liquor or of any drug'" requires the ingestion of alcohol or drugs in an amount sufficient to impair to "any appreciable degree" the driver's ability to operate a motor vehicle in a prudent and cautious manner. *State v. Falcon*, 260 Neb. 119, 123, 615 N.W.2d 436, 439 (2000). Brown contends that Missouri and Nebraska required different levels of impairment and that Missouri's standard of impairment "'in any manner'" was a lower threshold than Nebraska's requirement of impairment to "'any appreciable degree.'" Briefs for appellant at 10. He likens the Missouri standard of impairment "in any manner" to the Colorado statutory language referring to impairment to the "slightest degree" that we found in *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2015), to be a lower threshold than Nebraska's standard of impairment to "'an appreciable degree.'" Briefs for appellant at 13.

Contrary to Brown's analysis, the starting point in a comparison of another state's statutorily defined offense to Nebraska's statutory DUI offenses should be to compare the statutory language in the other state to the language of the relevant Nebraska statute. The definition of "[p]rior conviction" under § 60-6,197.02(1)(a)(i)(C) includes a conviction in another state when "the offense for which the person was convicted would have been a violation of" § 60-6,196 or one of the other

enumerated Nebraska DUI-related statutes. We read this definition as requiring an initial comparison of the other state's statutory definition of the offense to Nebraska's statutory definition of a DUI-related offense. If it is clear that the offense as statutorily defined in the other state would have been a violation of the relevant Nebraska statute, no further inquiry is required. In the present case, as we determined above, the minimum requirements for a conviction under the Missouri statutes under which Brown was convicted would have been a violation of § 60-6,196.

This focus on statutory language and the statutory elements of the offenses in the two states was recognized in *Mitchell*, wherein we stated that the defendant's Colorado "conviction of DWAI was a determination that his conduct met the minimum requirement for violation of the DWAI statute" and that the conviction made no other determination. 285 Neb. at 94, 825 N.W.2d at 434. We stated that it was the fact of conviction under the other state's statutorily defined offense, and "not the record of a defendant's conduct at the time of the arrest, that is relevant to our analysis." *Id.* We therefore concluded that punishment for the Nebraska conviction could not be enhanced solely "because the facts of his arrest and conviction in Colorado *could* support the higher requirement for a Nebraska DUI," *id.*, when the minimum requirements to establish the Colorado offense would not support a conviction for DUI in Nebraska.

The analytical lesson from *Mitchell* directs us to focus initially on a comparison of statutes and only if the outcome is unclear do we then expand the inquiry to case law interpretation of the statutes. And trivial differences in statutory language do not necessarily make the comparison unclear. In *Mitchell*, this initial comparison did not show that conduct meeting the minimum requirement of the Colorado DWAI statute would constitute a violation of the Nebraska statute, § 60-6,196. The Colorado DWAI statutes required only that "a person has consumed alcohol . . . that affects the person to the

slightest degree." See Colo. Rev. Stat. Ann. § 42-4-1301(g) (West Cum. Supp. 2017). Because this statutory language did not clearly establish a violation of § 60-6,196(1), which required that the defendant be "under the influence of alcoholic liquor or of any drug," we looked to Nebraska case law interpreting § 60-6,196 to see whether evidence of being affected "to the slightest degree" would nevertheless constitute being "under the influence of alcoholic liquor" under Nebraska statutory law. Because case law required impairment to "any appreciable degree" rather than to "the slightest degree," we concluded that a conviction establishing the minimum requirements for DWAI in Colorado did not constitute a violation of § 60-6,196.

Compared to the Colorado statute in *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2013), if one met the minimum statutory requirements of the offense of DWI in the Missouri statutes discussed above, one would also be in violation of § 60-6,196. Both statutory schemes used the standard of being "under the influence" of alcohol. We conclude that the Missouri and Nebraska statutes require the same elements, and the fact that case law in each state may describe that standard with slightly different language does not inform or change our determination.

One key factor in our decision in *Mitchell* was that in addition to the DWAI statute at issue, Colorado had a separate DUI subsection that required a higher level of impairment than was required for DWAI. See § 42-4-1301(f). We found Colorado's distinction between DUI and DWAI relevant to our determination that conviction for DWAI in Colorado did not establish DUI under § 60-6,196. Brown attempts to apply this aspect of *Mitchell* to his advantage and notes that Missouri also had a statute, Mo. Rev. Stat. § 577.012 (West 2003), that set forth an offense of "'driving with excessive blood alcohol content,'" which required that the person have a certain level of alcohol in his or her blood. Brown argues that the existence of this separate statute in Missouri is similar to Colorado's

statutory distinction between DWAI and DUI and indicates that a conviction under Missouri's DWI statute would not be a violation of § 60-6,196. However, the existence of § 577.012 does not support Brown's argument. Instead, it shows that Missouri's statutory scheme is similar to § 60-6,196, which provides that one can commit DUI by, inter alia, being "under the influence" pursuant to subsection (1)(a) or by having a specified concentration of alcohol in one's blood or breath pursuant to subsections (1)(b) and (c). The difference between Nebraska's and Missouri's statutory scheme is merely that Nebraska includes in one statute what Missouri included in more than one statute. Missouri's separate statutes, which each correspond to a separate part of § 60-6,196, do not inform our analysis in the same way that Colorado's two subsections, which set forth different levels of impairment, compelled our analysis in *Mitchell*.

We conclude that Brown's conviction for DWI in Missouri would have constituted a violation of § 60-6,196. We therefore conclude that the district court's determination that the Missouri conviction was a prior conviction for purposes of enhancing the current offenses was not in error.

*District Court Did Not Abuse Its*
*Discretion in Sentencing Brown.*

Brown also claims that the court imposed excessive sentences. We conclude that the district court did not abuse its discretion in sentencing Brown.

After an enhancement hearing, each of Brown's offenses in this appeal was determined to be a Class IIIA felony under § 60-6,197.03(6). With regard to the conviction of the offense that occurred in July 2015, the statutory range for a Class IIIA felony included imprisonment for a maximum of 5 years. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). For the convictions of the offenses that occurred in January and May 2016, the statutory range for a Class IIIA felony included imprisonment for a maximum of 3 years. § 28-105 (Supp.

2015). As noted above, Brown's sentences for the convictions of the January and May 2016 offenses were not subject to postrelease supervision requirements under L.B. 605, because the court imposed those sentences consecutively to the sentence for the conviction of the July 2015 offense. The sentences of imprisonment for 3 to 5 years for the conviction of the July 2015 incident, for 3 to 3 years for the conviction of the January 2016 incident, and for 3 to 3 years for the conviction of the May 2016 incident are therefore within statutory limits, so we next consider whether the sentences were an abuse of discretion.

[4,5] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Cerritos-Valdez*, 295 Neb. 563, 889 N.W.2d 605 (2017). Relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Russell*, 299 Neb. 483, 908 N.W.2d 669 (2018). Additionally, when deciding if it is appropriate to withhold a sentence of imprisonment and grant probation, a sentencing court is guided by the statutory grounds set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2016).

Brown notes that the court imposed the maximum sentence of imprisonment in each case and ordered the sentences to be served consecutively. He argues that the court focused almost exclusively on his history of committing DUI's and did not give adequate consideration to mitigating factors both when it determined the length of his sentences and when it decided against imposing a sentence of probation instead of imprisonment. He acknowledges his history and his problems with alcoholism, but he argues that the court ignored his rehabilitative

needs, his life circumstances, his employment history, and his willingness to enter pleas in these cases.

With regard to Brown's willingness to enter pleas, we note that as part of the plea agreement, the State agreed to refrain from filing additional charges and from enhancing the penalty in a separate case pending in county court. Although the court did not extensively discuss mitigating factors, such factors were presented to and considered by the court. The court's comments at sentencing indicated that to the extent mitigating factors were present, the court found them to be substantially outweighed by concerns regarding the seriousness of Brown's offenses and the danger he presented to the community. The court noted that including the pending case in county court and the three cases in this appeal, Brown had been arrested for driving drunk four times within a year and that at least in the three cases on appeal, he had an alcohol concentration well over .15.

We do not think the court considered inappropriate factors, nor did it fail to consider mitigating factors. The court determined that factors such as the seriousness of the offense and the danger Brown posed to the community favored the imposition of a long term of imprisonment; such determination was within the court's discretion. We conclude that the district court did not abuse its discretion in sentencing Brown in these cases.

## CONCLUSION

We conclude that the court's use of the Missouri conviction as a prior conviction in these cases was not in error. We further conclude that the district court did not abuse its discretion in sentencing Brown in these cases. We therefore affirm Brown's convictions and sentences in these consolidated appeals.

AFFIRMED.