Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/29/2021 09:08 AM CST

State of Nebraska, appellee, v.
Aaron Teppert, appellant.
___ N.W.2d ___

Filed November 6, 2020.     No. S-19-688.

1. **Sentences: Prior Convictions: Appeal and Error.** A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous.

2. **Convictions: Presumptions: Right to Counsel: Waiver: Proof.** Convictions obtained after *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), are entitled to a presumption of regularity such that records of conviction are admissible unless the defendant can show that he or she did not have or waive counsel at the time of conviction.

3. **Sentences: Prior Convictions: Proof.** In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence and the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard.

Appeal from the District Court for Scotts Bluff County: Andrea D. Miller, Judge. Affirmed.

Paul Payne and Darin J. Knepper, Deputy Scotts Bluff Public Defenders, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Aaron Teppert appeals his conviction for driving under the influence (DUI), fourth offense. He argues that the district court erred by receiving evidence of a prior conviction offered by the State in support of sentence enhancement. We find that the district court did not err and therefore affirm.

## BACKGROUND

Teppert was charged with and pleaded guilty to DUI and driving under suspension. At the subsequent sentence enhancement proceeding, the State sought to introduce evidence of three prior DUI convictions. Teppert did not object to the district court's receipt of two of the prior DUI convictions, and those convictions are not at issue in this appeal.

Teppert did object to the admission of court records showing that he was convicted of DUI in 2010 in Red Willow County Court. He argued that those records were inadmissible because they did not affirmatively show that he had counsel or had knowingly, intelligently, and voluntarily waived the right to counsel before entering his guilty plea in that case. We will discuss the content of the court records at issue in more detail in the analysis section below.

The district court overruled Teppert's objection, found that the current conviction was his fourth offense, and sentenced Teppert accordingly. Teppert appeals.

## ASSIGNMENT OF ERROR

Teppert assigns one error on appeal. He contends the district court erred by receiving the records of his 2010 DUI conviction for purposes of sentence enhancement.

## STANDARD OF REVIEW

[1] A sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *State v. Orduna*, 250 Neb. 602, 550

N.W.2d 356 (1996), *overruled on other grounds, State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020).

## ANALYSIS

*Law Governing Admissibility of Records of Prior Convictions in Enhancement Proceedings.*

As both parties recognized at oral argument, the legal landscape on the issue raised in this appeal changed after the district court proceedings and the filing of briefs in this case. For many years, this court held that evidence of a prior conviction was inadmissible unless the State proved that, at the time of the prior conviction, the defendant either had counsel or knowingly, intelligently, and voluntarily waived the right to counsel. See, e.g., *State v. Nowicki*, 239 Neb. 130, 474 N.W.2d 478 (1991), *overruled, Vann, supra*. See, also, *Orduna, supra*. Under this rule, if a record was silent as to whether the defendant had or validly waived counsel in the prior proceeding, evidence of that conviction was not admissible; affirmative evidence that the defendant's Sixth Amendment right to counsel was honored in the prior proceeding was required. See, e.g., *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011), *overruled, Vann, supra*. At the enhancement proceeding in this case, Teppert relied on this line of cases to argue that the district court should not receive evidence of the 2010 DUI conviction.

[2] Earlier this year in *Vann, supra*, we overruled this line of cases. In *Vann*, we concluded that the rule prohibiting courts from presuming that prior convictions were obtained in compliance with the Sixth Amendment was based on a reading of a U.S. Supreme Court case, *Burgett v. Texas*, 389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d 319 (1967), that the U.S. Supreme Court later rejected in *Parke v. Raley*, 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992). In light of *Parke*, we concluded that convictions obtained after the recognition of a federal constitutional right to counsel in state court in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), are "entitled to a presumption of regularity such that records of conviction are admissible unless the defendant can show that

he or she did not have or waive counsel at the time of conviction." *Vann*, 306 Neb. at 102, 944 N.W.2d at 512. Additionally, we noted that many other state and federal courts apply the same rule, including some courts that once applied the rule we followed prior to *Vann*. While the fact of a prior conviction was an element of the underlying offense in *Vann*, we made clear that the same rule would apply to the use of prior convictions in sentence enhancement proceedings.

At oral argument, counsel for Teppert acknowledged that if *Vann* applied, the records of the 2010 DUI conviction would be entitled to a presumption of regularity and Teppert would have the burden to show he did not have or validly waive counsel at the time of that conviction. He argued, however, that because the enhancement proceeding occurred prior to the release of our opinion in *Vann*, we should reverse, and remand to the district court so that Teppert would have the opportunity to present evidence to carry his burden. Counsel for the State argued that no remand was necessary because the records were admissible whether the case is governed by *Vann* or the line of cases *Vann* overruled.

We do not believe remand is required. As we will explain, even under the pre-*Vann* law, the district court did not err by receiving evidence of the convictions.

*Records Admissible Under Pre-Vann Law.*

[3] In a proceeding to enhance a punishment because of prior convictions, the State has the burden to prove the fact of prior convictions by a preponderance of the evidence and the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard. See, *State v. Hall*, 270 Neb. 669, 708 N.W.2d 209 (2005); *State v. Hurbenca*, 266 Neb. 853, 669 N.W.2d 668 (2003). Prior to our decision in *Vann*, in order for evidence of a prior conviction to be admitted for enhancement purposes, the State also had the burden to show by a preponderance of the evidence that the defendant had or waived counsel at the time of the prior conviction. See, e.g., *Hall, supra*.

At the enhancement proceeding, the State offered various authenticated court records from a 2010 criminal case. Those records show that Teppert was charged with DUI, pleaded guilty, and was sentenced accordingly. The State argues that a September 30, 2010, journal entry and order from that case also shows that Teppert validly waived counsel before entering his guilty plea.

The journal entry and order states that Teppert pleaded guilty and was found guilty, followed by sections summarizing the advisements given and the arraignment:

> ## A P P E A R A N C E S   A N D   A D V I S E M E N T
> . . . .
>
> Defendant advised of the nature of the above charges, all possible penalties, effect of conviction on non-citizens, and each of the following rights: Counsel; Appointed Counsel; Trial; Jury Trial; Confront Accusers; Subpoena Witnesses; Remain Silent; Request Transfer to Juvenile Court; Defendant's Presumption of Innocence; State's Burden of Proof . . . ; Right to Appeal.
>
> Indigency inquiry held[:]
>
> Defendant adjudged indigent, public defender appointed.
>
> ## A R R A I G N M E N T
>
> Defendant advised of and waived rights.
>
> Defendant waives jury trial.
>
> Defendant enters above pleas.
>
> Pleas entered knowingly, intelligently, voluntarily, and a factual basis for plea(s) found.

Teppert argues that the district court could not have found that he validly waived his right to counsel at the plea hearing for his 2010 DUI conviction based on the journal entry and order. Teppert maintains that the journal entry and order is silent as to whether he validly waived his right to counsel before entering his guilty plea. We disagree.

Teppert points out that the journal entry and order does not directly state that Teppert knowingly, intelligently, and voluntarily waived the right to counsel. Nonetheless, we find that

one could reasonably conclude from the information included in the journal entry and order that Teppert validly waived the right to counsel. After stating that Teppert was advised of a number of rights, including the right to counsel, the journal entry and order states that Teppert was "advised of and waived rights." Read together, we believe it fair to infer that Teppert waived the specific rights referred to earlier, including the right to counsel.

The journal entry and order also contain several indications that Teppert waived his right to counsel knowingly, intelligently, and voluntarily. First, the fact that Teppert was advised about his rights before waiving them suggests a knowing, intelligent, and voluntary waiver. Second, the journal entry and order shows that after entering his guilty plea, Teppert invoked his right to counsel and was appointed counsel for sentencing. Teppert's exercise of his right to counsel for the sentencing phase of the case also suggests he understood the right.

Finally, the notation that Teppert entered his plea knowingly, intelligently, and voluntarily shows that his waiver of counsel was also done knowingly, intelligently, and voluntarily. We explored the relationship between a valid plea and a valid waiver of the right to counsel in *State v. Orduna*, 250 Neb. 602, 550 N.W.2d 356 (1996), *overruled on other grounds, State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020). In *Orduna*, like this case, a record of the defendant's prior conviction expressly stated that he had made a knowing, intelligent, and voluntary guilty plea, but did not expressly state that he had knowingly, intelligently, and voluntarily waived the right to counsel. We nonetheless found that the records affirmatively demonstrated a valid waiver of the right to counsel. We reasoned that if a trial court finds that a plea was entered knowingly, intelligently, and voluntarily, and the record reflects that the defendant also waived the right to counsel, the right to counsel must also have been waived knowingly, intelligently, and voluntarily. As we explained, "a plea cannot be legally sufficient unless those elements

underlying the plea are also legally sufficient." *Id.* at 611, 550 N.W.2d at 362-63.

As noted above, a sentencing court's determination concerning the constitutional validity of a prior plea-based conviction, used for enhancement of a penalty for a subsequent conviction, will be upheld on appeal unless the sentencing court's determination is clearly erroneous. *Orduna, supra.* Given all that the district court could fairly conclude from the journal entry and order, we cannot say the district court clearly erred by finding that Teppert knowingly, intelligently, and voluntarily waived his right to counsel prior to entering his guilty plea for his 2010 DUI conviction.

Because Teppert failed to demonstrate that the district court erred even if this case is reviewed under the more restrictive rule governing the admissibility of prior convictions that applied prior to *Vann*, we see no basis to reverse the decision of the district court.

## CONCLUSION

The district court did not err by receiving records of Teppert's 2010 DUI conviction and finding that his conviction in this case was his fourth offense. We affirm.

Affirmed.