Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/08/2023 09:07 AM CST

State of Nebraska, appellee, v.
Clay Y. Bixby, appellant.

___ N.W.2d ___

Filed December 8, 2023.    No. S-23-168.

1. **Prior Convictions: Appeal and Error.** On a claim of insufficiency of the evidence, an appellate court, viewing and construing the evidence most favorably to the State, will not set aside a finding of a previous conviction for the purposes of sentence enhancement supported by relevant evidence.

2. **Sentences: Prior Convictions: Proof.** In order to prove a prior conviction for purposes of sentence enhancement, the State has the burden to prove the fact of the prior convictions by a preponderance of the evidence, and the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard.

3. **Trial: Evidence: Proof.** Preponderance of the evidence requires proof which leads the fact finder to find that the existence of the contested fact is more probable than its nonexistence.

4. **Sentences: Drunk Driving: Prior Convictions: Proof: Time.** The plain and ordinary meaning of Neb. Rev. Stat. § 60-6,197.02 (Reissue 2021) does not require the State to prove the exact date of the prior offense for purposes of sentence enhancement.

5. **Sentences: Prior Convictions: Evidence: Appeal and Error.** On an appeal of a sentence enhancement hearing, an appellate court views and construes the evidence most favorably to the State.

6. **Statutes: Appeal and Error.** An appellate court will not resort to interpretation of statutory language to ascertain the meaning of words that are plain, direct, and unambiguous.

7. **Convictions: Presumptions: Right to Counsel: Waiver: Proof.** Any conviction record obtained after *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963), is entitled to a presumption of regularity, such that once the government establishes the existence of a prior conviction, it becomes the defendant's burden to prove that he or

she did not have counsel and did not waive the right to counsel at the time of conviction.

Appeal from the District Court for Grant County: Travis P. O'Gorman, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

## INTRODUCTION

Clay Y. Bixby appeals his conviction for driving under the influence (DUI), third offense. He argues that the district court for Grant County, Nebraska, erred in using evidence offered by the State of two prior DUI convictions to enhance his sentence. Finding no error, we affirm his conviction and sentence.

## BACKGROUND

This is Bixby's third appeal arising from his arrest in March 2018 for DUI. That offense led to the State's charging Bixby with DUI under Neb. Rev. Stat. § 60-6,196 (Reissue 2021), third offense, aggravated, among other charges.

After a mistrial and the denial of Bixby's plea in bar,[1] we denied Bixby's petition for further review. Before Bixby was to be retried by the State, Bixby moved for absolute discharge on speedy trial grounds. The district court granted that motion, but we reversed that decision and remanded the cause for further proceedings.[2] Bixby was retried and convicted by a jury of DUI, a Class W misdemeanor.

---

[1] See *State v. Bixby*, No. A-19-237, 2020 WL 1026734 (Neb. App. Mar. 3, 2020) (selected for posting to court website).

[2] See *State v. Bixby*, 311 Neb. 110, 971 N.W.2d 120 (2022).

The district court heard Bixby's subsequent sentence enhancement on January 18, 2023. At the hearing, the State offered two exhibits, exhibits 30 and 31, which the State indicated were records of Bixby's two prior convictions for DUI offered for sentence enhancement purposes.

Exhibit 30 was a certified copy of a journal entry and order of Bixby's conviction from Thomas County, Nebraska. The exhibit showed a "CR 10" case identification number. The exhibit also showed that at a hearing on March 1, 2011, Bixby pled guilty to "DUI-1st offense" under § 60-6,196, a Class W misdemeanor. He was sentenced on that same date to terms of probation, license impoundment, and a fine.

Exhibit 31 was a certified copy of a "Judgment of Conviction" from the Sixth Judicial Circuit Court in Bennett County, South Dakota. The exhibit showed a docket number beginning with "03C12." The exhibit also showed that Bixby was charged by information, was arraigned, and pled guilty on November 27, 2012, to "driving under influence-1st of[fense]" under a South Dakota statute, S.D. Codified Laws § 32-23-2 (2011). He was sentenced on February 6, 2013, to terms of imprisonment, license revocation, and a fine.

Neither exhibit contained a copy of the charging document, nor specifically identified the date of Bixby's underlying DUI offenses. The State did not provide any further evidence regarding the prior DUI offenses.

Bixby objected to the admission of both exhibits, arguing that neither met the requirements of a valid prior conviction for purposes of sentence enhancement. Bixby articulated several different reasons why the prior convictions were invalid for sentence enhancement. These arguments are largely the same as those Bixby now raises on appeal and will be detailed in our analysis.

The district court entered its order on February 15, 2023, finding that both of Bixby's prior convictions were valid for purposes of sentence enhancement. In relevant part, the order stated the following:

The [S]tate made a prima facie case with respect to both Exhibits 30 and 31. The offense at issue in this case occurred on March 9, 2018. The State can enhance with prior convictions dating back to March 9, 2003. The sentencing in Exhibit 30 occurred on March 1, 2011. The case has a CR 10 case number, meaning the case was filed in 2010. If this offense occurred prior to March 9, 2003, that would mean there was a delay in charging, convicting and sentencing of over seven years. This is unreasonable.

Likewise, the sentencing in Exhibit 31 occurred on February 6, 2013. That would require a delay of over 9 years. Again, this is unreasonable. Both exhibits are prima facie valid for enhancement purposes. The State proved by a preponderance of the evidence that both prior convictions occurred within 15 years of the offense at issue. The burden shifted to [Bixby] to show the court otherwise. [He] failed to do so.

. . . .

[Bixby] also challenges Exhibit 31, a South Dakota conviction, on the ground that the State failed to show that the law[s] in South Dakota and Nebraska . . . have the same scope and application. This Court disagrees.

Although the statute cited in Exhibit 31 (32-12-2) is the sentencing statute, [Bixby] was obviously convicted under 32-23-1, the [DUI] statute. In South Dakota, one can be convicted of DUI if there is 0.08 percent or more [by] weight of alcohol in that person's blood. The same is true in Nebraska. In addition, South Dakota defined "under the influence" as "to a degree which renders the person incapable of safely driving." This is similar to Nebraska's definition as "sufficient to impair to any appreciable degree the ability to operate a motor vehicle in a prudent and cautious manner." The burden then shifted to [Bixby] to "bring mitigating facts to the attention of the court[]" to show otherwise.

Exhibits 30 and 31 are both valid and usable prior convictions. Both are admitted. [Bixby] will be sentenced on a third offense [DUI], a Class W Misdemeanor.

Having enhanced Bixby's DUI conviction to a third offense, the district court consequently sentenced him to 18 months of probation, a $1,000 fine, and a 2-year license revocation.

Bixby timely filed the present appeal, and we moved the case to our docket.[3]

## ASSIGNMENT OF ERROR

Bixby assigns, restated, that the district court erred in enhancing his DUI conviction to a third offense because the two prior DUI convictions were invalid for enhancement purposes.

## STANDARD OF REVIEW

[1] On a claim of insufficiency of the evidence, an appellate court, viewing and construing the evidence most favorably to the State, will not set aside a finding of a previous conviction for the purposes of sentence enhancement supported by relevant evidence.[4]

## ANALYSIS

Bixby's sole argument on appeal is that the district court erred in enhancing his DUI conviction to a third offense because the two prior DUI convictions were invalid for enhancement purposes. In support of this assigned error, Bixby argues that the prior convictions were invalid for three different reasons. Before addressing each of these arguments below, we briefly review the relevant law governing prior convictions and sentence enhancement.

[2,3] We declared some years ago that in order to prove a prior conviction for purposes of sentence enhancement, the

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

[4] See, *State v. Gilliam*, 292 Neb. 770, 874 N.W.2d 48 (2016); *State v. Taylor*, 286 Neb. 966, 840 N.W.2d 526 (2013).

State has the burden to prove the fact of the prior conviction by a preponderance of the evidence, and that the trial court determines the fact of prior convictions based upon the preponderance of the evidence standard.[5] A preponderance of the evidence requires proof which leads the fact finder to find that the existence of the contested fact is more probable than its nonexistence.[6] In other words, a preponderance of the evidence is the equivalent of the greater weight of the evidence.[7] The greater weight of the evidence requires proof which leads the trier of fact to find that the existence of the contested fact is more likely true than not true.[8]

Neb. Rev. Stat. § 60-6,197.02 (Reissue 2021) details the process for determining what constitutes a valid prior DUI offense for purposes of sentence enhancement. It provides that for purposes of sentence enhancement, a "[p]rior conviction" is "a conviction for a violation committed within the fifteen-year period prior to the offense for which the sentence is being imposed."[9] This includes (1) any conviction for a violation of § 60-6,196—which is what Bixby was convicted of in both of his Nebraska DUI prosecutions—or for another Nebraska DUI statute,[10] (2) any conviction for a violation of a Nebraska DUI ordinance enacted in conformance with a Nebraska DUI statute,[11] and (3) "[a]ny conviction under a law of another

---

[5] See, *State v. Hurbenca*, 266 Neb. 853, 669 N.W.2d 668 (2003). See, also, *State v. Teppert*, 307 Neb. 695, 950 N.W.2d 594 (2020); *Taylor, supra* note 4; *State v. Macek,* 278 Neb. 967, 774 N.W.2d 749 (2009); *State v. Hall*, 270 Neb. 669, 708 N.W.2d 209 (2005).

[6] *Taylor, supra* note 4. See, also, *State v. Ebert*, 303 Neb. 394, 402, 929 N.W.2d 478, 484 (2019) ("[m]ore probable than not" is generally preponderance of evidence standard).

[7] *Gilliam, supra* note 4; *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015).

[8] *Gilliam, supra* note 4.

[9] § 60-6,197.02(1)(a).

[10] See § 60-6,197.02(1)(a)(i)(A).

[11] See § 60-6,197.02(1)(a)(i)(B).

state if, at the time of the conviction under the law of such other state, the offense for which the person was convicted would have been a violation of" one of Nebraska's DUI statutes.[12] We have interpreted "conviction" for purposes of § 60-6,197.02 to mean "a finding of guilt by a jury or a judge, or a judge's acceptance of a plea of guilty or no contest."[13] The statute also defines "[f]ifteen-year period" as "the period computed from the date of the prior offense to the date of the offense which resulted in the conviction for which the sentence is being imposed."[14]

To prove the prior conviction for sentence enhancement under § 60-6,197.02(2), "[t]he prosecutor shall present as evidence for purposes of sentence enhancement a court-certified copy or an authenticated copy of a prior conviction in another state. The court-certified or authenticated copy shall be prima facie evidence of such prior conviction." According to § 60-6,197.02(3), after the State meets its burden of proving the fact of the prior convictions, the convicted person is then "given the opportunity to review the record of his or her prior convictions, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions."

Simply put, here, for the State to enhance Bixby's present DUI conviction to a third offense, it had the burden to prove by a preponderance of the evidence that (1) the offense underlying each prior conviction either was a violation of a Nebraska DUI statute or ordinance or, if from another state, would have also been a violation of a Nebraska DUI statute and (2) the date of the offense underlying each conviction occurred within 15 years of the date of the current offense.

---

[12] § 60-6,197.02(1)(a)(i)(C). Accord, *State v. Brown*, 300 Neb. 57, 912 N.W.2d 241 (2018); *Gilliam, supra* note 4.

[13] *Gilliam, supra* note 4, 292 Neb. at 782, 874 N.W.2d at 57.

[14] § 60-6,197.02(1)(c).

### PRIOR OFFENSES OCCURRED WITHIN
### 15 YEARS OF CURRENT OFFENSE

Bixby first argues that the State failed to prove by a preponderance of the evidence that the offenses underlying both of his prior convictions occurred within 15 years of the date of his current offense. Specifically, Bixby argues that exhibits 30 and 31 failed to show any evidence of the dates of his prior offenses and that, in effect, the district court had to guess the dates of the offenses. We disagree.

[4] Bixby is correct that neither prior conviction record explicitly showed the date on which that prior offense was committed. However, as we established in *State v. Taylor*,[15] prior conviction records do not have to list the exact date of the prior offense to be used for sentence enhancement. More specifically, we held in *Taylor* that the plain and ordinary meaning of § 60-6,197.02 does not require the State to prove the exact date of the prior offense for purposes of sentence enhancement.[16] Although having proof of the exact offense date would be the easiest method of proof, the statute does not require an exact date.[17] Rather, the State must prove by a preponderance of the evidence that the prior offense occurred in the 15 years prior to the current offense.[18] That said, what constitutes relevant evidence sufficient to satisfy the State's burden in proving the fact of a prior conviction for purposes of sentence enhancement will vary from case to case.

[5] On an appeal of a sentence enhancement hearing, we view and construe the evidence most favorably to the State.[19] Further, we have long held that judgments imposing sentences in a criminal case are entitled to a presumption of regularity

---

[15] *Taylor, supra* note 4.

[16] See *id.*

[17] *Id*.

[18] See *id*.

[19] *Id*.; *State v. Brooks*, 22 Neb. App. 598, 858 N.W.2d 267 (2014).

and validity.[20] Here, the record is clear that Bixby's current DUI offense was committed on March 9, 2018. Thus, looking back 15 years, the State had the burden of proving by a preponderance of the evidence that the underlying offense for any of Bixby's prior convictions occurred on or after March 9, 2003. Viewing and construing exhibits 30 and 31 most favorably to the State and affording the exhibits a presumption of regularity and validity, we find that there was sufficient evidence to satisfy the State's burden.

Exhibit 30, the prior conviction from Thomas County, showed that Bixby pled guilty and was sentenced at a hearing on March 1, 2011. Further, the prior conviction showed that Bixby's case had a "CR 10" identification number, more than likely meaning the case was initially filed in 2010. The State could enhance Bixby's current conviction with prior convictions of offenses occurring as far back as March 9, 2003. Despite no date of offense listed in the exhibit, the district court found that it would be unreasonable to conclude there was a delay of over 7 years between the case's filing date and when Bixby was charged, convicted, and sentenced. We find no error in that conclusion.

The same can be said of exhibit 31, the prior conviction from South Dakota. The exhibit showed that Bixby was charged, was arraigned, and pled guilty on November 27, 2012, and then was sentenced on February 6, 2013. Further, the prior conviction shows that Bixby's case had a "C12" identification number. It was more than likely that the case was initially filed in 2012. Again, the State had to prove the offense occurred on or after March 9, 2003. Despite no date of offense listed in the exhibit, the district court similarly found that it would be unreasonable to conclude there was a delay of over 9 years between the case's filing date and when Bixby was charged, convicted, and sentenced. We again find no error in the court's conclusion.

---

[20] See, e.g., *State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020).

Further, the relevant statutes of limitations for Bixby to be prosecuted for his prior DUI offenses provide additional support to our conclusion. Bixby was convicted in the present case of DUI under § 60-6,196. As shown in exhibit 30, Bixby was convicted under that statute for his first Nebraska DUI offense as well. According to Neb. Rev. Stat. § 60-6,197.03 (Reissue 2021), as well as exhibit 30 and the present record, both of Bixby's Nebraska DUI convictions were Class W misdemeanors.[21] Exhibit 31 similarly shows that Bixby was convicted in South Dakota under § 32-23-2. Exhibit 31 does not show the classification of that offense; however, at the enhancement hearing, Bixby offered exhibit 32, which is a copy of the text of § 32-23-2 (Supp. 2023), which is the current version of that statute and provides, in relevant part, that "[i]f conviction for a violation of § 32-23-1 is for a first offense, the person is guilty of a Class 1 misdemeanor."

We take judicial notice of the fact[22] that at the time of each of Bixby's prior convictions and the present appeal, the statute of limitations for a person to be prosecuted for a Class W misdemeanor in Nebraska was 18 months[23] and the statute of limitations for a person to be prosecuted for a Class 1 misdemeanor in South Dakota was 7 years.[24] Applying the relevant statutes of limitations here, Bixby must have been charged within 18 months of the date of the offense for his

---

[21] Accord Neb. Rev. Stat. § 28-106(1) (Reissue 2016).

[22] See, *Burns v. Burns*, 293 Neb. 633, 640, 879 N.W.2d 375, 382 (2016) ("[a] court may judicially notice adjudicative facts, which are not subject to reasonable dispute, at any stage of the proceeding"); *State v. Thayer*, 235 Neb. 70, 72, 453 N.W.2d 474, 476 (1990) ("it is the duty of [all] courts to take judicial notice of the laws enacted by the Legislature [and] the public law prevailing within the forum. This is rule is applicable to all general statutes"). See, also, Neb. Rev. Stat. § 25-12,101 (Reissue 2016) (providing that every court in Nebraska must take judicial notice of statutes of other states).

[23] See Neb. Rev. Stat. § 29-110(2) (Reissue 2016).

[24] See S.D. Codified Laws § 23A-42-2 (2016).

Nebraska DUI conviction and within 7 years of the date of the offense for his South Dakota DUI conviction. Bixby's prior Nebraska case was more than likely filed in 2010, and he pled guilty and was sentenced in 2011. His South Dakota case was more than likely filed in 2012, and he pled guilty in 2012 and was sentenced in 2013. As such, we agree with the State that the statutes of limitations provide additional bases as to why Bixby more likely than not committed both prior DUI offenses on or after March 9, 2003, within 15 years of his current offense.

We also note that Bixby's argument about the prior convictions' failing to show a date of offense mirrors the argument made by the defendant in *Taylor*.[25] There, the State had to prove by a preponderance of the evidence that the defendant committed his prior DUI offense after 1999.[26] However, as here, the defendant's prior conviction record did not list the date of the underlying offense.[27] Nonetheless, at the sentence enhancement hearing in *Taylor*, there was evidence presented that the defendant had been charged in the prior case with DUI with a blood alcohol concentration of .08 of 1 gram or more by weight of alcohol per 210 liters of breath.[28] That fact proved to be crucial in our analysis because, in 2001, the Nebraska Legislature lowered the prohibited blood alcohol concentration level from .10 to .08.[29] Accordingly, even though the prior conviction record did not list the date of the prior offense, we concluded that the preponderance of the evidence established that the defendant's DUI offense occurred after 2001.[30]

---

[25] *Taylor, supra* note 4.

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.*

We find the rationale in *Taylor* to be instructive. In the same way here, despite Bixby's prior conviction records' not listing the dates of the offenses, there was sufficient evidence from exhibits 30 and 31 to conclude that the offenses were committed after 2003, within the 15-year look-back period.

For these reasons, we conclude that the relevant evidence supports the district court's finding that the State met its burden, proving by a preponderance of the evidence that the prior offenses occurred within 15 years of the date of Bixby's current offense. Viewing and construing that evidence most favorably to the State, we find no error in the district court's finding.

As noted above, according to § 60-6,197.02(3), after the State met its burden of proving the fact of Bixby's prior convictions for sentence enhancement, the burden then shifted to Bixby to review his prior conviction records, bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions. Bixby had the opportunity to present his own evidence showing that his prior convictions occurred before March 9, 2003, outside the 15-year look-back period from the date of his current offense, thus rendering them invalid for enhancement purposes.

Yet, the only evidence Bixby presented was the text of the statute cited in exhibit 31 that he was convicted under in South Dakota, which is addressed later in our analysis. As we explained in both *Taylor*[31] and *State v. Garcia*,[32] defendants in enhancement proceedings are in a unique position to produce evidence concerning their prior convictions because it is peculiarly within their knowledge. Bixby knew when his prior DUI offenses occurred, more so than the State and district court. If the offenses underlying his 2011 Nebraska

---

[31] *Id.*

[32] *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011), *overruled on other grounds, Vann, supra* note 20.

conviction and 2013 South Dakota conviction occurred outside the 15-year look-back period, that fact would go to an essential element of his enhanced sentence. It was Bixby's burden to produce evidence to that effect and rebut the State's prima facie case for enhancement.[33] Bixby failed to do so here. We accordingly infer that such evidence cannot be produced.[34] Even if we were to agree with Bixby that there are reasons why there could have been a delay between the dates of his prior offenses and his conviction and sentencing dates, explaining why the offenses may have occurred before March 9, 2003, nothing in the record indicates that Bixby made such an argument to the district court at the enhancement hearing or presented any evidence in support of this argument.

Our conclusion in favor of the State aside, we emphasize that had the State offered the charging documents underlying Bixby's prior convictions to the district court, it would have been much simpler to prove the dates of the prior offenses and the fact that they occurred within 15 years of the current offense. Here, enough information could be gleaned from the prior conviction records that the State offered to conclude that the State met its burden. However, that may not always be the case.

## SIMILARITY OF SOUTH DAKOTA DUI STATUTE TO NEBRASKA DUI STATUTE

Bixby next argues that the district court erred in enhancing his DUI conviction to a third offense because his conviction for DUI in South Dakota under § 32-23-2 (2011) was not substantially similar to his conviction for DUI in Nebraska

---

[33] See *Garcia, supra* note 32, 281 Neb. at 12-13, 792 N.W.2d at 891 ("it is not fundamentally unfair to consider the relative positions of the defendant and the prosecution in this regard and to place at least the burden of production on the defendant to show that a prior conviction cannot be used for enhancement").

[34] See *Garcia, supra* note 32 (citing *State v. Minor,* 188 Neb. 23, 195 N.W.2d 155 (1972)).

under § 60-6,196. In particular, Bixby contends that the two states' DUI statutes contained different elements and that thus, the offense for which he was convicted in South Dakota would not have been a violation of § 60-6,196 and could not have been used for sentence enhancement. We disagree.

As the State correctly asserts on appeal, Bixby's argument is based on an improper comparison between § 32-23-2 and § 60-6,196. Although exhibit 31 shows that Bixby was convicted of DUI, first offense, under § 32-23-2, that statute is merely a sentencing statute, setting forth the penalty for a violation of a separate statute, S.D. Codified Laws § 32-23-1 (2011). Exhibit 32, which Bixby offered, was a copy of the text of § 32-23-2 (Supp. 2023), which is the current version of that statute and provides, in relevant part, as follows:

If conviction for a violation of § 32-23-1 is for a first offense, the person is guilty of a Class 1 misdemeanor, and the court shall revoke the person's driver license for not less than thirty days. . . . The court may also order the revocation of the person's driving privilege for a further period not to exceed one year or restrict the privilege in such manner as it sees fit for a period not to exceed one year.

It would be unreasonable to deem Bixby's South Dakota prior conviction invalid for sentence enhancement solely because the South Dakota judgment of conviction cites § 32-23-2 (2011), rather than § 32-23-1. As the text of § 32-23-2 makes clear, § 32-23-2 sets forth the penalties a person will be subjected to only "[i]f conviction for a violation of § 32-23-1 is for a first offense." It is therefore apparent that Bixby's conviction for a violation of § 32-23-1 as a first offense was a prerequisite to the imposition of the sentence and penalties in § 32-23-2. Bixby could not have been sentenced without first being convicted. True enough, § 32-23-2, a sentencing statute, and § 60-6,196, a substantive DUI statute, do not share the same elements for a DUI. However, we find that the appropriate comparison

of statutes here is between § 60-6,196 and § 32-23-1 (South Dakota's substantive DUI statute).

The starting point in a comparison of another state's statutorily defined offense to a Nebraska statutory DUI offense should be to compare the relevant statutory language in the other state to the language of the relevant Nebraska statute.[35] This is because the definition of "prior conviction" under § 60-6,197.02 includes a conviction in another state when the offense for which the person was convicted would have been a violation of § 60-6,196 or one of the other enumerated Nebraska DUI-related statutes.[36] After an initial comparison of the other state's statutory definition of the offense to Nebraska's statutory definition of a DUI-related offense, if it is clear that the offense as statutorily defined in the other state would have been a violation of the relevant Nebraska statute, no further inquiry is required.[37] The prior conviction must be for the offense of DUI to be valid for sentence enhancement.[38]

Turning to the DUI statutes at issue here, § 60-6,196 states in relevant part:

> (1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:
>
> (a) While under the influence of alcoholic liquor or of any drug;
>
> . . . .
>
> (c) When such person has a concentration of eight-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

Similarly, § 32-23-1 states, in relevant part:

> No person may drive or be in actual physical control of any vehicle while:

---

[35] *Brown, supra* note 12.

[36] *Id.*

[37] *Id.*

[38] See *id.*

(1) There is 0.08 percent or more by weight of alcohol in that person's blood as shown by chemical analysis of that person's breath, blood, or other bodily substance;

(2) Under the influence of an alcoholic beverage, marijuana, or any controlled drug or substance not obtained pursuant to a valid prescription, or any combination of an alcoholic beverage, marijuana, or such controlled drug or substance;

(3) Under the influence of any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving;

(4) Under the combined influence of an alcoholic beverage and or any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving[.]

[6] In comparing these statutes, we find that the text of both is plain and unambiguous. An appellate court will not resort to interpretation of statutory language to ascertain the meaning of words that are plain, direct, and unambiguous.[39] Both statutes prohibit a person from operating, driving, or being in actual physical control of a vehicle while under the influence of alcohol or any drug or while having a blood alcohol concentration of .08 percent or more. In essence, both statutes include the same elements necessary to establish a conviction for DUI. We therefore conclude that Bixby's DUI conviction in South Dakota would have been a violation of § 60-6,196 as well and is thus valid to be used for sentence enhancement.[40]

Bixby relies on a Nebraska Court of Appeals decision, *State v. Miller*,[41] to suggest that the South Dakota conviction was

---

[39] See *State v. Brennauer*, 314 Neb. 782, 993 N.W.2d 305 (2023).

[40] See *Brown, supra* note 12. Cf. *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2013).

[41] *State v. Miller*, 11 Neb. App. 404, 651 N.W.2d 594 (2002) (superseded by statute on other grounds, specifically § 60-6,197.02(2)).

also invalid because the State failed to offer the South Dakota charging document setting out the elements of the crime he was eventually convicted of and that in effect, the district court here could not compare the elements of Bixby's Nebraska DUI with the elements of his South Dakota DUI. But as we mentioned previously, while offering a copy of a charging document is perhaps the best practice to prove the fact of a prior conviction for purposes of sentence enhancement, it is not required in order for the State to meet its burden. Bixby's reading of *Miller* to suggest otherwise is misguided.

In addition, it is not the State's initial burden under § 60-6,197.02 to show a substantial similarity of every element of the respective DUI laws or show that the facts surrounding the prior conviction would have resulted in a violation of Nebraska DUI laws as they existed at that time.[42] A court-certified or authenticated copy of a prior conviction—like exhibit 31—is prima facie evidence of such conviction for purposes of sentence enhancement.[43] The burden then shifted to Bixby to challenge the validity of the prior conviction, which he failed to adequately do.

Given our finding that Bixby's South Dakota DUI offense, as statutorily defined in South Dakota, would have been a violation of the Nebraska DUI statute that Bixby was twice convicted of, no further inquiry is required.[44] Bixby's conviction under South Dakota law was for the offense of DUI and was sufficiently similar to his DUI convictions under Nebraska law. We conclude that the district court did not err in finding Bixby's South Dakota DUI conviction was valid for enhancement purposes.

## Mitigating Factors

Bixby lastly argues that the district court erred in enhancing his DUI conviction to a third offense because the

---

[42] *Mitchell, supra* note 40; *Garcia, supra* note 32.

[43] § 60-6,197.02(2).

[44] See *Brown, supra* note 12.

court failed to consider mitigating factors pursuant to § 60-6,197.02(3). As noted above, once the State met its burden of proving the fact of Bixby's prior convictions for purposes of sentence enhancement, Bixby then had the opportunity under § 60-6,197.02(3) to bring mitigating facts to the attention of the court prior to sentencing. Bixby argues that the mitigating fact here was that the South Dakota prior conviction from 2013 showed that he was represented by counsel on the date he pled guilty, yet failed to show that he was represented by or waived counsel on the date of his sentencing. But as Bixby correctly acknowledged at the enhancement hearing, this argument is foreclosed by our precedent, namely *State v. Vann*.[45]

[7] We stated in *Vann* that any conviction record obtained after *Gideon v. Wainwright*[46] is entitled to a presumption of regularity, such that once the government establishes the existence of a prior conviction, it becomes the defendant's burden to prove that he or she did not have counsel and did not waive the right to counsel at the time of conviction.[47] Accordingly, courts can presume that a defendant had or waived counsel at the time of a prior conviction and records of conviction are admissible unless the defendant can show that he or she did not have or waive counsel at the time of conviction.[48]

Bixby does not challenge *Vann* on appeal; he argues only that had the district court convicted and sentenced him when his present case was initiated in 2018, before *Vann* was decided, it would have determined that the 2013 South Dakota prior conviction was invalid for sentence enhancement because it fails to show that he had or waived counsel at the time of

---

[45] *Vann, supra* note 20. See, also, *State v. Warlick*, 308 Neb. 656, 956 N.W.2d 269 (2021); *Teppert, supra* note 5.

[46] *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

[47] See *Vann, supra* note 20.

[48] See *id.*

his sentencing. This argument is without merit. Despite the pre-*Vann* status of the law at the early pendency of Bixby's case, the sentence enhancement hearing and district court order that Bixby challenges in this appeal occurred in 2023, after *Vann*. Bixby's South Dakota DUI conviction is therefore valid for sentence enhancement purposes under *Vann*, even though exhibit 31 does not show whether Bixby had or waived counsel at the time of his sentencing in that case.

We further agree with the State that even though exhibit 31 does not show the presence or waiver of counsel at Bixby's sentencing, that could be only a mitigating fact under § 60-6,197.02(3) that the district court could have considered in determining Bixby's sentence within the enhanced penalty range for DUI, third offense, not a fact that would allow the court to disregard the otherwise valid prior conviction altogether.[49] We therefore find that the district court did not err by failing to consider mitigating factors when enhancing Bixby's sentence.

## CONCLUSION

For the foregoing reasons, we conclude that the district court's use of Bixby's two prior convictions to enhance his sentence to DUI, third offense, was not in error. Therefore, we affirm.

Affirmed.

---

[49] See *Brooks, supra* note 19.